PORTER D. S. FRENCH, Adm'r, &c. *v.* SAMUEL C. DAVIS.

1. PLEADING : PRACTICE : AVERMENT OF DAMAGES UNDER PLEADING ACT OF 1850. —An averment of the amount of damages claimed by the plaintiff, is unnecessary in an action to recover a debt, under the Pleading Act of 1850, and if made in the complaint, is surplusage ; and hence, if the judgment exceeds the damages claimed in the complaint, it will be no ground for reversal.

2. EXECUTOR AND ADMINISTRATOR : STATUTE OF LIMITATIONS : 12TH SECTION OF ACT OF 1844.—The twelfth section of the Limitation Act of 1844 (Hutch. Dig. 831), which limits actions against executors and administrators to the period of four years and nine months after their appointment and qualification, applies only to suits where the cause of action accrued within the lifetime of the decedent. See *Bingaman* v. *Robertson*, 25 Miss. R. 501 ; *Pope* v. *Bowman*, 27 Id. 194.

3. STATUTE OF LIMITATIONS : EXCEPTION OF ABSENCE FROM THE STATE.—The reason of the exception of the time of the defendant's absence from the State, from the period limited for the bringing of suits, is, that during such absence, the plaintiff is prevented from pursuing his remedy to recover his debt: if, therefore, the plaintiff's right to sue be unimpaired, notwithstanding such absence, he will not be entitled to the benefit of the exception.

4. SAME : SAME : ACT 21ST OCTOBER, 1852 : EXECUTOR AND ADMINISTRATOR.— The Act of the 21st October, 1852 (Session Laws, ch. 56), which provides, that where an administrator of an estate within this State, resides beyond the limits of the State, so that the ordinary process of law cannot be served on him, notice of suits at law against him may be served by publication in a newspaper; furnishes parties having claims against a decedent's estate, a full and ample remedy for their collection, notwithstanding the absence of the administrator: and hence, the running of the Statute of Limitations in favor of the administrator, will not be affected by his absence from the State. Smith, C. J., dissented.

ERROR to the Circuit Court of Franklin county. Hon. Stanhope Posey, judge.

On the 1st day of December, 1856, Davis sued French as administrator, on two notes of his intestate, both due 1st January, 1850.

The conclusion of the complaint, after averring the refusal to pay the money, proceeds as follows : " To the plaintiff, damage two hundred dollars. Wherefore he prays judgment for the amount of said notes and interest," &c.

The defendant pleaded a general denial, and relied on the Statute of Limitations.

On the trial, the plaintiff read the notes, and an order of the Probate Court, showing that, on the 9th June, 1851, letters of administration were granted, on the estate of intestate, to defendant and to Mrs. French, and that they qualified on that day.

Plaintiff then called one Byrd, and asked him whether defendant had been absent from the State after said grant of letters ; and if so, how long ? Defendant objected to the question, because that, under the Act of 1852, authorizing absent administrators to be sued, the proposed evidence was irrelevant. The court overruled the objection, and witness proved that defendant left the State in the forepart of 1854, and resided out of it for about two or three years ; and defendant excepted. This was all the proof.

The court charged the jury for plaintiff, that if defendant was absent from the State, since the cause of action accrued, the time of his absence, and also the period of nine months, are to be deducted from the limitation of four years.

For defendant, the court charged,

1. That if six years and nine months had elapsed after the notes became due, before suit, they must find for defendant.

2. If the suit was not brought within four years and nine months after defendant was appointed administrator, they must find for defendant.

3. That absence from the State is only to be calculated, where the creditor has no opportunity of suing by reason of such absence, and the time of such absence must be proved.

There was a judgment and verdict for the plaintiff for $223 ; and the defendant sued out this writ of error.

*George L. Potter*, for plaintiff in error.

This was a suit began 1st December, 1856, on two notes, both

due 1st and 4th January, 1850.   The damages were laid at $200, and verdict and judgment are for $223 96, an excess over the sum claimed.   For this cause, the judgment is erroneous, and must be reversed, as this court has held in a case under the Pleading Act of 1850. *Sestee* v. *Barnett*, 4 Geo. 584.

The point in controversy was upon the Statute of Limitations. The note was past due, near seven years, when sued on.   To show a right of recovery, plaintiff produced a probate transcript, showing the grant of letters on the estate of the maker of the notes, on the 9th of June, 1851.   These letters were granted jointly to plaintiff in error, and to Mrs. French; and plaintiff's proof shows they both qualified on that day.   Mrs. French is not sued, and there is no suggestion as to her.   The legal presumption therefore is, that she is still living, and administratrix of the estate with plaintiff in error. It is not shown that she has ever been absent from this State.   It was proved that plaintiff in error was absent from the State, and resided out of it " for about two or three years," from the forepart of the year 1854.   This proof, as to absence, was objected to by plaintiff in error, but admitted, and he excepted.   This was all the proof.   The court charged for the plaintiff below, that if defendant was absent from the State, since the cause of action accrued, the time of his absence and the period of nine months, are to be deducted from the limitation of four years.

By the 12th section of the Act of 1844, no such action could be brought against an administrator, " after the expiration of four years" from the time of his qualification ; and such a claim was to be " deemed to have been paid and discharged."   The section contained a saving clause in case of disability of plaintiff.   Hutch. 831. If this act applies to the case, the claims were barred, and the charge given for plaintiffs below is wrong.   To avoid the bar, an attempt is made to bring in a previous section—the 11th—of the Act of 1844.   It excepts the time of absence, but seems to be limited in its operation, specially to the limitations declared "in the preceding sections of this act."   Hutch. 831.   The Act of 1822 contains the same peculiarity.   Ib. 827, §§ 12, 13.   Here, then, is the eleventh section of the Act of 1844, which declares that the period of absence shall not be computed in the cases specified in the preceding sections ; and the question is, whether, being thus specially re-

stricted, it applies to a case specified in a subsequent section, to wit, the 12th section ? It would seem not ; and especially so, because a new and different rule is declared for the cases within the subsequent section,—" the cause of action is to be deemed as paid and discharged ;" whereas the previous sections affect only the remedy. This construction is greatly strengthened by the fact, that this 12th section contains a special saving clause, applicable to itself only, and does not include any saving in case of the absence of the debtor. If this view be incorrect, and if a like rule is to be applied to every section of the statute, it remains for others to explain why this marked peculiarity was adopted in the Act of 1822, and continued in the Act of 1844. Again, by the first section of the Act of 21st October, 1852, it is provided that in case of the absence of an administrator, any creditor of the estate may sue in a circuit court and have publication against him ; and the same shall be deemed " good and sufficient service," and plaintiff may thereon proceed to judgment " as in other cases." See Pamphlet Acts, called Session, 1852, p. 86, § 1.

If this act applies, the suit is barred ; and why should it not ? The Act of 1844 was intended to apply to cases where, because of the absence, no service of process could be had ; and hence, actions for the recovery of lands are excepted from the eleventh section. In this case, after the Act of 1852, the creditor had no cause to delay ; the absence of the administrator did not tend to prevent or delay suit ; and his judgment recovered on publication, would have the same effect against the estate, in this State, as if recovered on process executed. It is no answer to say, it does not appear that there was any estate here. If the estate was elsewhere, it was incumbent on the creditor to sue there, and absence from this State could not affect such suit. This suit is intended to reach property here, and we must so regard it. If we listened to suggestions of no property here, we never would apply a statute bar, for our courts apply them only to prevent judgment and execution here. For the same reason, all suggestions that a judgment, on publication, would not be operative elsewhere, must be disregarded.

In addition to this, it appears that Mrs. French was administratrix, and there is no pretence that she was absent ; or that suit could not have been brought against her, as representative of the

estate.   Judgment against her, alone, would have bound the estate. 4 Geo. 559.   Suit might therefore have been brought against the estate ; and the fact that one of the representatives was absent, was wholly immaterial.   No time can be deducted on that account. If this Act of 1852 controls, the objection to proof of absence was improperly overruled.   But the whole question seems properly to arise on the instruction to which we have referred.   That instruction is further erroneous in this, that it seems to allow the jury to couple periods of absence, when but one absence could be deducted.

It is true, there were two previous verdicts against plaintiff in error ; but under our decisions, the cause may still be heard, upon improper charges and admissions of evidence.

*W. P. Harris,* for defendant in error.

. The action was commenced December 1st, 1856, on notes falling due 1st and 4th January, 1850 ; letters of administration granted 9th of June, 1851.   The date of the appointment and qualification of the administrator having been shown, the plaintiff offered to prove, that in 1854, the defendant left the State, and was absent two or three years, in Louisiana.   To this evidence the defendant objected, but the court overruled the objection, and the evidence being admitted, the defendant excepted.   The instruction, and the admission of this evidence, alone present the questions to be decided.

It is not shown by the evidence, that the notes fell due in the lifetime of the intestate.   The fact that he died after the cause of action accrued, is material to the defence under the Statute of Limitations, if four years from the grant of administration, and it was for the defendant to put himself within the terms of the statute. *Bingaman* v. *Robertson,* 25 Miss. 501 ; *Pope* v. *Bowman,* 26 Ib. 194.

It is not by the proof, shown to be a cause of action existing against Robert French, the intestate, in his lifetime.   The court cannot infer that a fact exists, necessary to give effect to the Statute of Limitations. .

- The instruction given for the plaintiff, propounded the law correctly.   The plaintiff was entitled to the four years, exclusive of the nine months, during which the right to sue is suspended by statute ; and we fix the time when the statute commenced running, at nine

months after the grant of letters. It is then to run four years, and if during that time the defendant is absent from the State, the time of such absence is to be deducted. 13 S. & M. 394.

The statutory disability to sue, is an exception to all statutes of limitation. 24 Miss. R. 249.

It not appearing in the bill of exceptions, which set out all the evidence, that the cause of action existed in the lifetime of the intestate, the case stood under the general law; about which no possible doubt could exist, as to the correctness of the instructions and the admission of the evidence. Nor do we conceive that there can be a doubt of the correctness of the ruling, on any view of the case.

The Act of 1852 was stated by the defendant's counsel, to furnish the objection to evidence of the absence of the defendant. This objection is founded on an erroneous view of the scope and effect of that act. The second section is unconstitutional, clearly, so far as it authorizes a personal judgment against the absent administrator. There can be no jurisdiction without a person or a thing to act on. The only ground upon which a suit on publication could be effectual as a remedy, would be the existence, at the time it is commenced, of property to which it might attach. The effect of the Act of 1852, if it is valid, is to give to proceedings against non-resident executors and administrators, the effect of proceedings *in rem*, as to the estate in our jurisdiction, and is therefore no more than the remedy by attachment, which is not considered as affecting the exception in the Statute of Limitations. A judgment without notice, except by publication, would not be available as evidence against the administrator in any proceedings to establish a *devastavit*. It might authorize the sale of property of the estate found in this State, but its operation is limited, and therefore it is, that the more ample remedy, founded on personal notice (which is prevented by absence), is entitled to the exception. It does not appear that the administrator left assets in this State, or that there was any property to give jurisdiction *in rem*.

HANDY, J., delivered the opinion of the court.

The defendant in error brought this action against the plaintiff in error, on two promissory notes of his intestate, each due on the 1st January, 1850. The defendant below filed an answer of gene-

ral denial, and on the trial relied on the Statute of Limitations of six years as a defence, the action having been instituted on the 1st December, 1856. The verdict and judgment being for the plaintiff, the defendant brings the case here, upon exceptions taken to the rulings of the court upon the trial.

The first error assigned is, that the amount of the judgment exceeds the damages claimed in the complaint. The conclusion of the complaint is as follows. Yet the said defendant has not paid the said sums of money, &c., " to the damage of the plaintiff two hundred dollars, and therefore plaintiff sues, and *prays judgment for the amount of said notes, with interest,*" &c.

This action was brought under the Statute of 1850, changing the forms of pleadings at common law; which provided that the " complaint," thereby authorized instead of a declaration, should " conclude with a demand of ·the relief" which the plaintiff claims. This complaint conforms to this provision, and the statement of damage in the conclusion, is to be regarded as surplusage, since there was a demand of judgment for the amount of the notes stated in the preceding part of the complaint.

The second and third errors assigned, apply to the rulings of the court upon the defence of the Statute of Limitations. And the first question presented on that point is, whether, the action being against an administrator, it was not barred by the 12th section of the Act of 1844, unless brought within four years and nine months after the grant of letters of administration to the defendant? Hutch. Code, 831.

It has been settled by this court, that that section of the statute, applies only to claims upon which the plaintiff had a cause of action, at or before the death of the decedent. *Bingaman* v. *Robertson,* 25 Miss. 501; *Pope* v. *Bowman,* 27 Ib. 194. In this case, it does not appear, by the bill of exceptions now before us, that the cause of action existed against the intestate in his lifetime. We cannot, therefore, judicially take notice that the action accrued to the plaintiff in the lifetime of the intestate; and hence the case cannot be considered as within the provisions of this section of the statute.

The second question presented is, whether the period of the absence of the administrator from this State, is to be deducted from the time of the running of the statute, under the provision of the

11th section of the Statute of 1844, considered in connection with the Statute of 21st October, 1852, chap. 56. The latter statute provides, that in case an administrator of an estate within this State resides beyond the limits of this State, so that the ordinary process of law cannot be served upon him, the plaintiff in any suit at law against the estate, may obtain an order of publication against such non-resident administrator, to be published in a newspaper; and that upon proof of the publication, as authorized by the statute, "the same shall be held and deemed good and sufficient service upon such non-resident administrator or executor, and the plaintiff (may) proceed to judgment as in other cases."

The reason on which the exception of the time of the defendant's absence from the State, from the running of the statute, depends, is, that during such absence the plaintiff has been prevented from pursuing his remedy to recover his debt, and in order to protect the rights of the plaintiff when his failure to sue has been occasioned by the act of the defendant. But still the policy of statutes of limitation is to promote diligence, and to discountenance delays in bringing suits, and to allow no indulgence to the failure of parties to bring their actions, except where their right to do so has been prevented by the conduct of the defendant, or certain disabilities of the parties suing. Hence, if the right to sue be, according to the due course of law, open and available to the plaintiff, so as to enable him effectually to assert his right by suit, he will not be excused for his failure to sue, and will not be entitled to the benefit of an alleged exception to the time of the running of the statute.

It is clear that the Statute of 1852, provided a mode by which the plaintiff could prosecute his suit, notwithstanding the absence of the defendant from the State. It enabled the plaintiff to sue and obtain his judgment against the administrator, to be levied of the assets of the estate in his hands, as effectually as he could have done if the administrator had been in this State, and personally served with process. The absence or non-residence of the defendant was, therefore, no impediment to his suing; and the reason upon which the exception of absence in the 11th section of the Act of 1844 is founded, is removed by the Act of 1852, and rendered inapplicable to the case of a non-resident administrator.

French, Admr. *v.* Davis.

It is objected against this view of the statute, that a judgment rendered upon such notice as is authorized by the first section of the act, would only authorize a sale of the property of the decedent in this State, subject to it; and would not be such a judgment as would be the foundation of proceedings for a *devastavit*, or other personal liability of the administrator. But the force of this objection is not admitted. The notice to the administrator authorized by the statute, stands upon the same principle of any other mode of constructive notice which the legislature may establish; such as leaving copies of process at the residence of a defendant, publication in chancery suits, &c., which lay the foundation of personal liability, and personal judgments, against the parties affected by such notices. It is but a mode of service of process which the legislature has authorized; to have the same effect both upon the property of the estate to be subjected to the judgment, and upon the personal liability of the administrator, in case he violates his duty as administrator, to the injury of the plaintiff. The administrator can have no just ground of complaint that such a proceeding has been taken against him; for it will be occasioned by his own neglect or violation of duty, and will be a matter of necessity frequently, in order to compel him to the discharge of his trust. Without such a mode of proceeding, he would have it in his power to defeat the rights of parties interested in the estate, and to baffle all legal responsibility. The provision of the statute authorizing the notice appears, therefore, to be just and expedient.

Hence, we are of opinion that the Act of 1852 authorized suit to be brought in this case, notwithstanding the non-residence of the administrator; and, therefore, that the period of his absence from this State, should not have been deducted from the time of the running of the statute. Consequently, the first instruction given for the plaintiff is erroneous.

The judgment is reversed, and the cause remanded for a new trial.

SMITH, C. J., dissented.