Wilkinson, Stetson & Co. v. Estate of Peter Winne.

# WILKINSON, STETSON & CO.

## vs.

# THE ESTATE OF PETER WINNE.

March 21st, 1856, Winne and another made a promissory note which became due December 24, 1856. Winne died before its maturity, being at the time of his death a resident of Ramsey county, where he left property. August 5, 1856, Phebe Winne was appointed his administratrix by the probate court of Ramsey county, but before the maturity of the note she left the territory of Minnesota, and did not return till 1864. November 23, 1863, and not before, commissioners were appointed to receive, examine and adjust claims against the estate. *Held :* that the probate court had authority to appoint the same.

November 28, 1863, the administratrix was removed and an administrator appointed in her stead. *Held :* that the probate court had authority to appoint such administrator. *Held further :* that the failure in this case to appoint commissioners for more than seven years after the issuance of letters of administration, was an omission to appoint within the meaning of *Sec.* 59, *Chap.* 44 *Pub. Stat. ;* and that the owners of the note had the right to prosecute their claim against the administratrix, as the representative of the deceased, under the provisions of *Sec.* 2, *Chap.* 68, *Pub. Stat. Held further*, that *Sec.* 18, *Chap.* 60, *Pub. Stat.*, has no bearing upon a case of this kind. *Held further*, that the right of action upon the note was not barred by the lapse of six years after it accrued, as so much of the time of the absence of the administratrix from the territory and state as elapsed before the appointment of her successor, is not, (*under Sec.* 16, *Chap.* 60, *Pub. Stat.*) to be regarded as part of the time limited for the commencement of an action. *Held further*, that the right of action was not barred by a failure to present the claim to commissioners within six years, or any less time after the maturity of the note, or the granting of letters of administration, because no commissioners were appointed until more than six years after both of these events. *Held fur-*

*ther*, that the remedy afforded by the right to proceed against the personal representative, in case of an omission to appoint commissioners, is not exclusive: that if commissioners are appointed even after such omission has occurred, claims of creditors may be properly and effectually presented to them for adjudication.

It appears from the agreed statement of facts in this case, that Wilkinson, Stetson & Co., were the owners and holders of a promissory note made by said Peter Winne and one Cooley as partners, dated March 21, 1856, payable nine months after date. Winne died before the note matured, and was at the time of his death a resident of Ramsey county, where he left real and personal property. Phebe Winne was appointed administratrix of the estate of Peter Winne on the 5th of August, 1856, by the probate court of Ramsey county, but left the (then) territory of Minnesota before the maturity of the note, and did not return till 1864. On the 23d November, 1863, and not before, said probate court appointed commissioners to receive, examine and adjust claims against the deceased. On the 28th November, 1863, the administratrix was removed, and on the 8th December following J. P. Kidder was appointed administrator in her stead. Wilkinson, Stetson & Co., presented the note to the commissioners as a claim against the estate, but the same was wholly disallowed, and on the 10th November, 1865, they served notices of appeal from the decision of the commissioners to the district court of said county. On the 13th November, 1865, the probate court made an order allowing such appeal. The said district court was in session on said 10th and 13th days of November, and by a stipulation between the attorneys for the respective parties, the cause was placed on the ;calendar of said district court, reserving to the estate all objection to the regularity of the proceedings. A motion was made in the court below to

Wilkinson, Stetson & Co. v. Estate of Peter Winne:

dismiss the appeal, which was denied; and upon the hearing and trial of the cause, judgment was rendered affirming the decision of the commissioners, and from such judgment Wilkinson, Stetson & Co. appeal to this court.

ALLIS GILFILLAN & WILLIAMS, for Appellant.

I.—It does not appear that the district court erred in refusing to dismiss the appeal. *Paper book, folios* 10 *and* 11, *and Exhibit "C," p.* 6. It only appears that the twelve days' notice of the appeal, prior to the term of the court, required by the statute, was not given, the appeal having been taken before the court then in session by the stipulation of the parties. Of course the statutory notice was thus waived. It must be presumed that the bond and other prerequisites to the appeal were duly executed.

There can be no doubt as to the jurisdiction of the probate court to remove Mrs. Winne and to appoint Kidder as administrator of the estate. *Sections* 12 *and* 14 *Comp. Stat. p.* 435.

Nor can there be any doubt as to its jurisdiction to appoint the commissioners. *Sec.* 1 *et seq. Comp. Stat. p.* 440.

II.—The claim of the appellants was not barred by the statute of limitations.

The note was dated 21st March, 1856, and matured on the 24th day of December, A. D. 1856. Winne died in July, 1856. Letters of administration were issued to Mrs. Winne, August 5th, 1856. Soon after, and before the note matured, Mrs. Winne removed from this State and never came to the State again until 1864.

In November, 1863, application was made to the probate court for Mrs. Winne's removal, and for appointment of commissioners, &c., which application was duly granted.

Before the cause of action accrued on the note, Winne died. Hence *Sec.* 18 *Comp. Stat.* 534, has no application. That section applies where the cause of action *existed* at the time of the death of the obligor.

Moreover, before the cause of the action on the note accrued, the administratrix left the State, and remained out of its jurisdiction until 1864, no commissioners being appointed and no successor in the administration till late in 1863.

It follows, then, that in no view of the case could suit have been brought on this note after the cause of action accrued, prior to about the beginning of 1864.

The general statute of limitations, then, never *commenced* to run prior to that date. If, therefore, this claim be barred it must be by virtue of some special provision of the statutes regulating claims against the estates of deceased persons. But, clearly, the time for presenting claims to commissioners for *allowance* cannot commence to run before the appointment of the commissioners themselves. *Sec.* 1 *et seq. Comp. Stat, pp.* 440, 443.

Nor can the time limited by the order of the probate judge for the *payment* of the claims be construed to apply to any claims except those *allowed*. *Sections* 41–44, *Comp. Stat., p.* 455.

Nor in this case was any such order of limitation in point of fact ever made.

This appeal comes from the refusal of the commissioners to allow this claim.

The question is:—Was this claim, when presented to the commissioners for allowance, barred by the statute of limitations? We have already shown that, until its presentation to the commissioners, or about that time, *the statute of*

Wilkinson, Stetson & Co. v. Estate of Peter Winne.

*limitations did not even commence to run on this note;* the deceased having died and his administratrix having removed from the State before the cause of action accrued. The claim was not then barred by the statute of limitations.

*Sec.* 59, *p.* 447, *Comp. Stat.*, cannot be construed as making it obligatory on a claimant to sue the executor, administrator, &c., on his claim in case the appointment of commissioners is omitted, but simply as *enabling* the claimant to do so.

But in the case at bar, it distinctly appears that the administratrix was out of the State, and hence could not be served with process from some time before the cause of action accrued till the claim was presented for allowance to the commissioners. Hence in no view of the matter has this section any application to the case at bar.

The claim should clearly have been allowed by the commissioners. *Chap.* 7, *Angel on Limitations, p.* 49. *Sec.* 16, *p.* 533, *Comp. Stat.*

I. V. D. Heard for Respondent.

I.—1. The defendant's motion to dismiss the appeal to the district court should have been granted by said court, and said court had no jurisdiction to hear said matter.

It appears from the notice of appeal (page 5 of case) that such notice was given and served before any appeal was taken.

The notice of appeal was served on the 10th day of November, and the appeal was not allowed until the 13th day of November. See *sections* 20, 21 *and* 22, *chapter* 44, *Statutes of* 1858, *page* 442, which governed the appeal.

2. Because no proper proof of the service of the allow-

Wilkinson, Stetson & Co. v. Estate of Peter Winne.

ance and notice of such appeal was made. See same sections.

3. Because the probate court had no jurisdiction to appoint the administrator J. P. Kidder, more than three years and six months having elapsed since the appointment of the first administratrix. See *sections* 31, 32, 33, 34, *chapter* 44, *page* 443, *Statutes of* 1858.

4. Because the court had no power to appoint commissioners except at the time the first letters of administration to Mrs. Winne were issued. *Section* 1 *of said chapter* 44, *page* 440, and other sections following.

5. Because the remedy of the plaintiffs is against the personal representatives of the deceased, and not against his estate. This is especially provided for by *section* 59, *chapter* 45, *page* 447, *Statutes of* 1858.

II.—The plaintiff's cause of action did not survive against his estate, for the reason that no action was commenced therefor within one year after the issuing of letters of administration. *Section* 18, *chapter* 60, *page* 534, *laws of* 1858.

*By the Court*—BERRY, J.—On the 21st day of March, 1856, Peter Winne and George W. Cooley as partners made a promissory note for $672.32, payable to the order of John Gove & Co., nine months after date. The note was assigned to Wilkinson, Stetson & Co., the appellants in the present proceeding, who now own and hold the same, which is wholly unpaid. The note matured Dec. 24th, 1856. Winne died before its maturity, being at the time of his death a resident of Ramsey county, where he left property real and personal. On the 5th day of August, 1856, Phebe Winne was appointed administratrix of the decedent's estate by the probate court of Ramsey county, but before the maturity of the note left the territory of Minnesota and did

not return until 1864. On the 23d day of November, 1863, and not before that time, said probate court appointed commissioners to receive, examine and adjust claims against the estate. On the 28th day of November, 1863, an order was entered removing the administratrix, and on the 8th day of December following, J. P. Kidder was appointed administrator in her stead. The note having been duly presented to the commissioners, they refused to allow any part of it. An appeal by Wilkinson, Stetson & Co. to the district court having been allowed, it was stipulated by the respective attorneys that the case should be placed on the calendar for the term then pending, "reserving to said estate all objection to the regularity of the proceedings." The case was accordingly placed upon the calendar, and when called for trial the attorney who appeared for the estate moved to dismiss the appeal on several grounds. The motion to dismiss was properly denied, so far as it was urged upon the ground that there was no sufficient notice of the appeal; for whatever defect there may have been in giving notice, was waived by the stipulation and appearance of the counsel for the estate. The other grounds upon which the motion was made, go to the merits of the appeal, and will be considered hereafter.

The paper book does not show what disposition was made of the case, but as it appeared to be admitted upon the argument that the district court gave judgment against the appellants upon the merits, we will assume that such was the fact.

It is claimed by the counsel for the estate, that "the probate court had no jurisdiction to appoint the administrator, J. P. Kidder, more than three years and six months having elapsed since the appointment of the administratrix." This position is perhaps sufficiently disposed of by *secs.* 11, 14

Wilkinson, Stetson & Co. v. Estate of Peter Winne.

*and* 15, *ch.* 42, *Pub. Stat.*, which provide in general terms for the appointment of an administrator to succeed one who has been removed, with no limitation as to the time within which such appointment may be made. The counsel appears to suppose, that *sections* 31, 32 *and* 34, *ch.* 44, *Pub. Stat.*, have the effect to prohibit the probate court from appointing a second administrator after the expiration of three years and six months from the time of the appointment of the first; that in fact there can be no administration after such expiration. It is plain, however, that these sections have no such effect. Their principal purpose is to allow the court to fix a time (within limits prescribed) during which the administrator is protected from suits which might be brought by the creditors of the estate; (*see sections* 15, 42, 47, *ch.* 44, *Pub. Stat.*,) and *sections* 41, 43, 49, 50, 51 show that the administrator is not relieved by the lapse of the time allowed him for the payment of debts and legacies from the payment of the same, if he has not paid them, and that the administration of the estate is not to be regarded as completed, simply because the time so allowed has passed. So far as we can discover, there is nothing to prevent the probate court from appointing a second administrator, in case the authority of the first is extinguished, so long as the estate remains unadministered in whole or in part: and it would be very singular if this was not the law.

The counsel for the estate further urges that the probate court had no power to appoint commissioners, except at the time when the first letters of administration were issued, and in support of this position we are cited to *Sec.* 1, *Chap.* 44, *Pub. St.*, which provides that it shall be the duty of the court to appoint commissioners "when letters testamentary, or of administration, shall be granted;" but in our opinion the word "when" means no more than "in case" or "if;"

the court is not required to make the appointment at the same time when letters are granted. The second subdivision of the section would seem to show that the appointment need not be made until after an inventory has been returned. (*See Subdivision 4, Sec. 1, Chap. 42, and Sec. 1, Chap. 43, Pub. Stat.*) It is pretty evident, rather from the general spirit of the statute, than from any specific and express provision, that the commissioners should be appointed as soon as it is ascertained that there is any occasion to appoint them. This course would seem to be most consistent with the policy of the statute which appears to favor and to provide for the speedy settlement of estates. Nevertheless, so far as we can discover from a careful examination of the somewhat obscure provisions of the statute, the probate court, if commissioners have not been appointed, may appoint them at any time during the progress of administration.

The counsel for the estate further contends that "the remedy of the appellants is against the personal representatives of the deceased, and not against the estate;" and also that the appellants' claim is barred by the statute of limitations. For convenience sake we will consider these propositions together. In support of the first we are referred to *Sec. 59, Chap. 44, Pub. St.*, which provides that "if the appointment of commissioners to allow claims shall in any case be omitted, no person having any contingent or other lawful claim against a deceased person, shall thereby be prevented from prosecuting the same against the executor, administrator, heirs, devisees or legatees, as provided by law." This section is to be read in connection with *Secs. 14 & 15, Chap. 44, Pub. Stat.*, and with *Secs. 1, 2 & 3, Ch. 68, Pub. Stat.*, and so read, it will be seen, without much difficulty, that the object of *Sec. 59* was not to confer a right

of action against an executor or administrator, (for this is done by *Chap.* 68) but to exclude the inference which might *possibly* be drawn from preceding provisions of *Chap.* 44, that a person holding a claim against the estate of a decedent *must* enforce his claim through the action of commissioners, so that if no commissioners were appointed he could not enforce it at all. Under the provisions of *Sec.* 2, *Chap.* 68, *Pub. Stat.*, a cause of action upon contract in favor of one against another, survives against the personal representatives of the latter. If there were no further provisions of statute, the owner of the cause of action would be authorized to proceed against the administrator in the first instance, and immediately upon the issue of letters of administration; and this may be regarded as the general rule or principle in reference to the enforcement of claims against a person deceased. But under the provisions of *Chap.* 44, *Pub. Stat.*, the right to proceed against the administrator in the first instance, and immediately upon the issuing of letters of administration, may be cut off by the appointment of commissioners; such appointment operating to create an exception to the general rule above mentioned; yet in case the appointment of commissioners is omitted, the owner of the cause of action is permitted to stand just where he would stand if there was no law authorizing the appointment of commissioners; he is under such circumstances allowed to pursue his remedy under the general rule giving him the right to proceed against the administrator as the personal representative of the deceased. To save this right is, we think, the purpose of that portion of *Section* 59 before quoted.

What would in general constitute an *omission* to appoint commissioners, we have no occasion now to determine. In the case at bar no commissioners were appointed until more

Wilkinson, Stetson & Co. v. Estate of Peter Winne.

than seven years after letters of administration had been issued; and referring to the views before expressed in reference to the time when commissioners should be appointed, and to the general spirit of the statute, there can be no room for doubt that there was in this instance a clear omission to appoint within the intent of the law makers.

This omission having occurred, the appellants had the right under the ganeral rule laid down in *Ch.* 68, *Pub. St.*, to proceed against the administratrix; then the question arises: Has their right of action become barred by their failure to prosecute the administratrix? It is said by the counsel for the estate, that the right of action is barred, because suit was not commenced against the administrator within one year after the issuing of letters of administration in accordance with the provisions of *section* 18, *Ch.* 60, *Pub. St.* But that section has no bearing upon this case; it relates to causes of action matured and *existing* against a decedent at the time of his death as to which the statute has commenced to run *before* his death, and as to which the statute might operate as a lien before an action could be brought, unless provisions were made for extending the time within which an action may be brought, until the appointment of an administrator. The section operates to lengthen, not to shorten, the time within which actions may be brought.

Neither was the appellants' right of action barred by the running of the general statute of limitations *i. e.* by the lapse of six years after the cause of action accrued. It will be seen by reference to the statement of facts in a former part of the opinion, that the plaintiffs' cause of action did not accrue until after the administratrix had left the then territory of Minnesota. She did not return until 1864, and no second administrator was appointed until November, 1863. The claim was presented to the commissioners (as

In line 20, the word "lien" should be "bar."

we gather from the papers) in 1865. Under the provisions of *section* 16, *Ch.* 60. *Pub. St.*, at least so much of the time of the absence of the administratrix as elapsed before the appointment of her successor is not to be regarded as a part of the time limited for the commencement of an action. Neither was the appellants' right of action barred by a failure to present it to commissioners within six years, or within any less time after the maturity of the note, or the granting of letters of administration, for no commissioners were appointed until more than six years after both of these events.

We conclude then that the appellants' claim is not barred by any statute of limitation.

One question only remains to be considered. After the omission to appoint commissioners had occurred, and the appellants were in consequence of such omission permitted to proceed against the personal representatives, was the remedy so afforded exclusive ? We think not. No reason is apparent why the omission could not be so far cured by the appointment of commissioners, at a time subsequent to the omission, and even after a delay so long as occurred in this case, as to permit a creditor of the estate to present his claim for allowance before such commissioners. As we have previously endeavored to show, there would appear to be nothing in the statute to prevent the probate court ( if commissioners have not been before appointed) from appointing them at any time during the progress of administration; and from this it would follow that the authority and action of commissioners so appointed even after long and inexcusable delay, would be effectual, and that the claims of creditors might properly and effectually be presented to them for adjudication.

In the examination of this case we have endeavored care-

fully to consider all that we found upon the briefs of counsel, and all important matters urged upon the oral argument, and we perceive no reason why the appellant's claim should not have been allowed by the commissioners. It does not appear, and it is not contended that there was any objection to it except those which we have discussed.

The decision and judgment of the district court is accordingly reversed.