## Warren R. Dent *v.* Jones & Pintard.

1. Practice — Statute of Limitations. — J. & P. brought an action of assumpsit against D. for $400, attorneys' fee. D. interposed the statute of limitations. D., with his family, left for Europe in the spring of 1870, and returned in the fall of the same year. Deducting the period of his absence, and the claim was not barred; otherwise, it was barred. He had left his home and furniture. The plaintiffs testified, that on the return of D., they demanded $250 for their services, for which the suit is brought for $400. These questions were presented for the consideration of the jury: 1. Should the period of D.'s absence be deducted, or could he have been legally served with summons during that period? 2. Whether, by the demand of $250, J. & P. intended to fix the value of their services at that sum?

2. Same — Instructions. — The court instructed the jury: " If the jury believe that D. had a home here, with his furniture at such home, but went abroad for his health, and remained in Ireland from April, 1870, until November, 1870, then the jury may find that such absence from Mississippi in Ireland, was an actual residence there for the time above stated; and, if they so find, they are then authorized by the law to deduct said time from the statute of limitations, and find for the plaintiffs." *Held,* that this was error. Rev. Code, 1857, 489; art. 64, Rev. Code of 1871, § 701; French v. Davis, 38 Miss., 218-25; Ingersoll v. Morse, 33 ib., 667.

Error to the Circuit Court of Jefferson County. Hon. Abel Alderson, Judge.

The facts in the case appear sufficiently in the opinion of the court.

The following are the assignments of error, to wit:

1. The court below erred in overruling the motion of the defendant below (plaintiff in error), for a new trial; whereas, it ought to have sustained said motion.

2. The verdict of the jury was against the law and the evidence, in this, that they found for the plaintiffs below (defendants in error), when they ought to have found for the defendant below.

3. The verdict of the jury was excessive.

*W. F. Mellon,* for plaintiff in error:

1. The suit was for a sum certain, claimed to be due on open account; there is no proof to sustain the demand in this view. The plaintiff, Jones himself, fully and clearly shows that there was no fixed and certain price; he sues on open account, and recovered judgment on evidence which only shows that they might have had a right of action of another kind.

2. Jones and W. R. Dent both show that Jones & Pintard first demanded $250, not as a compromise either. Jones says he put his claim at that figure, because he was afraid, if he put it higher, the claim would be contested by Dent." "*An attorney will not be allowed, upon proof that his charge is reasonable and customary, to receive a greater sum for professional services than he has previously demanded, if the previous demand was not in the way of a compromise.*" Ingersoll v. Morse, 4 George, 667.

3. Under the pleading and proof, the case was clearly barred by the statute of limitations, unless the proof showed that Dent did reside out of the state for the alleged time. The statute says, " absent from and residing out of the state." Dent was out of the state, but *did he reside out of it* any part of the time of his absence ? Rev. Code, 1857, 400, art. 13; Rev. Code, 1871, § 2157. All the

circumstances and facts show that he did not reside out of the state at any time after the right of action accrued, and before suit brought. See Alston v. Newcomer, 42 Miss., 192.

*H. Cassidy*, for defendants in error:

The evidence shows that the usual residence of Warren R. Dent was in Jefferson county, Miss., which, with his entire family, consisting of wife and children, he left on the 28th day of May, 1870, leaving his furniture there, going abroad for the benefit of his health, and the education of his children, with his usual place of abode in Cork, Ireland, during his absence from the state, from which place he returned to Mississippi Nov. 24, 1870, being absent near seven months. But, having left with the purpose of returning in the fall, whatever of legal question there is in the case, arises on this issue, and turns mainly on the phraseology of the statute, "absent from and residing out of the state," so as to justify a deduction of the seven months he and his family were out of the state from the three years, which had otherwise elapsed from the time the cause of action accrued.

The statute allowed three entire years within which plaintiff should bring his suit, unless prevented from getting due service of process, by the act of the defendant. Mere absence from the state, in every case, would not prevent service; for, if the defendant had a fixed abode at which his family remained, service could be had by leaving a copy. And the time during which he was absent should not be deducted, unless *he could not have been served with process.*

TARBELL, J., delivered the opinion of the court:

Assumpsit by Jones & Pintard to recover of W. R. Dent, $400, for services as attorneys. The case turns upon the issue under the statute of limitations. Dent, with his entire family, left the state for Europe in the spring of 1870, and returned to his home in the fall of that year. The question before the court and jury on the trial was, whether the time of such absence in Europe should be deducted

from the period between the date of the accrual of the claim and the commencement of the suit for its recovery. If not deducted the claim was barred by statute, but if deducted, the right of 're-covery depended upon whether the case was otherwise made out, of which there seems to be not much doubt. It appeared that Dent left his house, with all his furniture therein, wholly undisturbed during his absence; and this does not appear to have been contro-verted on the trial. In such case, mode of service of process is prescribed by statute. Code of 1857, p. 489, art. 64; Code of 1871, § 701.

Diligence in the commencement of suits is necessary, and if pro-cess can be served, absence should not be deducted to save the bar of the statute. French v. Davis, 38 Miss., 218, 225. In the case at bar, service of process by posting prominently at the domi-cile of the defendant, was available to the plaintiffs. If so, the jury must have been misled by the first instruction, in which the right of recovery is based upon the absence of the defendant so that " a summons could not be served upon him " — doubtless, in the minds of the jurors, referring to personal service. If so, this was erroneous.

There is also an obstacle to the recovery of the amount claimed. The plaintiffs in the action testified on the trial that on the return of Dent from Europe, they demanded $250 of him for the services for which they brought this suit, in which they claimed and re-covered $400.

According to the rule in Ingersoll v. Morse, 33 Miss., 667, they were entitled to recover only $250. It ought, probably, to be submitted to the jury to say whether by the demand of $250, the plaintiffs intended to fix the value of their services or their charge for the same, at that sum.

It is inferred, perhaps erroneously, that the foregoing points were not mooted on the trial, though clearly embraced in the mo-tion for a new trial, which was overruled. One of the grounds of the motion for a new trial was alleged errors in the instruc-

tions for the plaintiffs.    The first instruction has been noticed.  In the second, the court say, "If the jury believe that Dent had a home here, with his furniture at such home, but went abroad for his health and remained so abroad in Ireland and out of the state of Mississippi from April, 1870, until November, 1870, then the jury may find that the said absence of the defendant from Mississippi in Ireland was an actual residence there for the time above stated, and if they so find, they are then authorized by the law to deduct said time from the statute of limitations, and find for the plaintiffs."

The error in this instruction is, that it wholly pretermits the doctrine of French v. Davis, *supra*, and the mode of service of process authorized by the Code under the facts stated in the instruction.

If it had been submitted to the jury to find as a question of fact, whether they believed Dent had a domicile here, with his furniture therein, and they had found, that they did not so believe; and, if it had been submitted to them to find whether, by the demand of $250, the plaintiffs fixed the amount of their claim or value of their services, as in Ingersoll v. Morse, *supra*, and they had returned a verdict for $400, the verdict would have precluded all further cause or chance of contention.

The general doctrine as to the distinction between domicile and residence seems to be correctly stated in the instructions.    Alston v. Newcomer & Kausler, 42 Miss., 186.

For the causes indicated, the judgment will be reversed and the cause remanded, to enable the questions upon which this case hinges, to be distinctly submitted to and passed upon by the jury.

Judgment reversed, cause remanded and a new trial awarded.