# SMITH v. SMITH.

(District Court, D. Montana. February 7, 1914.)

## No. 5.

1. GUARDIAN AND WARD (§ 147*)—ACCOUNTING—CHARGES.

Where a guardian used his ward's money to pay his own debts, it was his duty to disclose it in his account, and charge himself with the profits thereby made, or legal interest at the court's election.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 496; Dec. Dig. § 147.*]

2. GUARDIAN AND WARD (§ 53*)—ACTIONS—EVIDENCE.

Where a guardian who had used his ward's money to pay his own debts procured an order from the probate court, reciting that he had applied for authority to borrow the funds in his hands belonging to the minors at interest at the rate of 3 per cent. which authority was granted, and there was no evidence of the circumstances of its procurement other than its own recitals, they compelled the inference that the guardian concealed from the court that he had already used the ward's money, and misrepresented expressly or by implication that he then had it in his possession.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 232–241; Dec. Dig. § 53.*]

3. GUARDIAN AND WARD (§ 54*)—LIABILITY OF GUARDIAN.

Where a guardian, who had used his ward's money in payment of his debts, concealed this fact from the court in applying for authority to borrow his ward's money at a low rate of interest, the order so procured by fraud and imposition was voidable, and afforded no protection to the guardian, and he was liable for legal interest both before and after the order granting such authority, there having been no such disclosure as is required by Rev. Codes Mont. § 5376, which provides that a trustee may not take part in any transaction concerning the trust in which he has an interest adverse to that of his beneficiary, except when the beneficiary, with full knowledge of the motives of the trustee and all other facts concerning the transaction, permits him to do so, or when, the beneficiary not having capacity to contract, the proper court upon like information of the facts grants like permission.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 242–253; Dec. Dig. § 54.*]

4. GUARDIAN AND WARD (§ 28*)—LIABILITY OF GUARDIAN.

A guardian is a trustee, and is held to the strict accountability attaching to a trustee.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 99, 100; Dec. Dig. § 28.*]

5. JUDGMENT (§ 443*)—PROBATE DECREES—CONCLUSIVENESS—EQUITABLE RELIEF.

While decrees of a probate court though in their nature ex parte are generally conclusive, like all other decrees, judgments and proceedings, they may be attacked, set aside or rendered inoperative when procured by fraud, and a party is not estopped thereby from obtaining relief in equity.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 785, 836, 838; Dec. Dig. § 443.*]

6. GUARDIAN AND WARD (§ 117*)—ACTIONS BY WARD AGAINST GUARDIAN.

Where a guardian misappropriated his ward's money and thereafter procured an order by concealing such fact, authorizing him to borrow the ward's money at a low rate of interest, and subsequently accounted and

was discharged, and the ward thereafter sued in a United States court to recover legal interest for the use of the money by the guardian, that court did not sit in review of the state court, nor assume to set aside its decrees, but, as they were procured by fraud, would deprive the guardian of the benefit thereof and of the inequitable advantage derived thereunder.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 407–410; Dec. Dig. § 117.*]

**7. JUDGMENT (§ 590*)—CONCLUSIVENESS—MATTERS CONCLUDED.**
The uncle of certain minors purchased their father's property at executor's sale giving his notes therefor, was appointed their guardian, and paid by the executor the proceeds of the sale which he applied in payment of his own notes. Eighteen months later he procured an order from the probate court, authorizing him to borrow the funds in his hands belonging to the minors at a low rate of interest, concealing his prior misappropriation thereof. After his accounting and discharge, one of the wards, having learned these facts, sued to rescind the executor's sale and to recover his share of the property, with accrued profits. A judgment establishing the validity of the sale was affirmed by the Supreme Court of the state, and he moved for a rehearing on the ground that he was at least entitled to legal interest for the use of his money by the guardian, which rehearing was denied. *Held*, that such judgment did not bar an action to recover such interest; the right of action therefor not being in issue, nor determined nor open to determination in the former suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1035, 1063, 1064, 1102–1106; Dec. Dig. § 590.*]

**8. EXECUTORS AND ADMINISTRATORS (§ 225*)—PRESENTATION OF CLAIMS—TIME FOR PRESENTATION.**
Where a guardian used his ward's money in payment of his debts, and subsequently by concealing this fact obtained an order of the probate court, authorizing him to borrow the ward's money at a low rate of interest, a claim for legal interest for the use of the ward's money was not one arising upon contract within a statute of Montana, requiring claims against a decedent's estate arising upon contracts to be presented to the executor or administrator within a limited time, and providing that any claim not so presented is barred, and that no holder of any claim shall sue thereon unless it is first presented, the fact that such claim, so far as priority of payment was concerned, had only the standing of a claim of a contract creditor not transforming it into a claim ex contractu; and hence an action could be maintained against the guardian's executor where the claim was presented before suit, though not within the time limited.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 789–800, 802, 803, 805; Dec. Dig. § 225.*]

**9. LIMITATION OF ACTIONS (§ 84*)—SUSPENSION—ABSENCE FROM STATE.**
Under Rev. Codes Mont. § 6458, providing that if when a cause of action accrues against a person he is out of the state, the action may be commenced within the term limited after his return to the state, and that if after the cause of action accrues he departs from the state, the time of his absence is not a part of the time limited for the commencement of the action, absence from the state of a debtor's personal representative after his death suspends the running of limitations, since, though the literal reading of the section might support a contrary instruction, it must yield to the legislative intent to suspend limitations whenever absence from the state of the party defendant prevents effective prosecution of a cause of action, and section 6214 expressly provides that the rule of the common law that statutes in derogation thereof are to be strictly construed has no application to that Code, and that its provisions are to be

liberally construed with a view to effect its objects and to promote justice.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 439–448; Dec. Dig. § 84.*]

10. GUARDIAN AND WARD (§ 125*)—ACTIONS BY WARD AGAINST GUARDIAN— LACHES.

The uncle of certain minors purchased their father's property at executor's sale, and was subsequently appointed guardian for such minors, received the proceeds of the sale from the executor, and used them in paying his notes given for money borrowed with which to purchase such property. Eighteen months afterwards without disclosing such misappropriation, he procured an order from the court authorizing him to borrow the funds in his hands belonging to the minors at a low rate of interest, and subsequently accounted and was discharged. Complainant, one of the minors, as soon as his suspicions were aroused concerning the transaction, brought suit in a state court to rescind the executor's sale and recover his share of the property with accrued profits, and though he failed, the action was tried upon the evidence taken in a suit by his sister in a United States court in which she succeeded, indicating that he was not culpably negligent in adopting that remedy. With reasonable promptness, thereafter he commenced a suit to recover legal interest for the use of his money by the guardian. There had been no change of conditions except the death of the guardian and no loss of evidence. Held, that the action was not barred by laches.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 428, 429; Dec. Dig. § 125.*]

In Equity. Suit by William Smith against Mary M. Smith, as executrix of the will of John M. Smith, deceased. Decree for complainant.

C. B. Nolan and Wm. Scallon, both of Helena, Mont., and T. J. Hoolan, of St. Louis, Mo., for complainant.

R. Lee Word and H. G. & S. H. McIntire, all of Helena, Mont., for defendant.

BOURQUIN, District Judge. This is a suit by a former ward against the executrix of the will of his deceased guardian. The bill alleges that in his lifetime the guardian in possession of the ward's money appropriated and converted the same; that 18 months thereafter the guardian applied to the court of his appointment in this state for an order authorizing him to borrow said money at interest at the rate of 3 per cent. per annum, therein concealing from said court his said appropriation thereof and misrepresenting that it was in his possession, which order was made; that thereafter the guardian presented accounts including his final account, to said court, wherein he did not disclose his appropriation of said money, did not present any excuse for failure to invest it for the ward's benefit, and did not charge himself with any interest thereon prior to said order, and thereby fraudulently and by imposition procured the court to settle the same; that when the ward attained majority the guardian settled with him on the basis of the final account, thereby depriving the ward of a large amount of interest rightfully his due. The bill pleads excuses to avoid laches, and the prayer is that all decrees of settlement of the guardian's account be set aside or held for naught, that a new account be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stated, and that complainant have and recover from defendant as executrix the balance due thereon, alleged to be about $24,700. The answer denies appropriation and conversion of said money, denies concealment from and misrepresentation to the court, denies anything due, and pleads insufficiency of the bill in part to state a cause of action in equity, res judicata, limitations, and laches.

The evidence is brief and without conflict. It appears therefrom that in 1899 the estate of the ward's deceased father was in administration in this state. The heirs were complainant and his two sisters. The property thereof was here located and the guardian here resided. The principal of said property was sold at executor's sale, and was purchased for $85,000 by the wards' uncle, who was thereafter, by a court of this state, appointed their guardian. He borrowed money upon his notes at interest of 9 per cent. per annum to pay for it. When he paid, the executor redelivered the money to the amount of about $82,000 to him as guardian, and with it he paid his said notes. Eighteen months later the said court made an order wherein is recited that the guardian applied for authority to borrow "the funds in his hands belonging to said minors" at interest, rate 3 per cent. per annum, which authority was granted. Thereafter the guardian presented accounts, one of them his final account, to said court, reciting his receipt of the money, but not his use thereof, not charging himself with interest prior to said order, and not setting out any excuse for failure prior to said order to invest the money for the wards' benefit. Decrees of settlement of said accounts were entered. The ward attained majority in October, 1906, the final account was settled December 14, 1906, the balance thereby shown due the ward, $23,954, was paid him on December 15, 1906, and an order discharging the guardian was made December 27, 1906. When complainant received the balance due him, he had no knowledge that the guardian had used the money prior to the order authorizing him to borrow it, and had no knowledge of the aforesaid concealments from and misrepresentations to the court. His suspicions were first aroused by some information received from his sister in or about August, 1907, and he then commenced in the aforesaid court a suit against the guardian, wherein he alleged the purchase by the guardian of the property of his deceased father's estate was fraudulent, had been rescinded by complainant, and prayed for recovery of his distributive share of said property and accrued profits. The guardian died without Montana in October, 1908, and defendant herein was appointed executrix of his will in November, 1908, and substituted defendant in said suit. In the meantime complainant's sister brought a like suit to that aforesaid in this court, wherein the testimony of the guardian and other witnesses was taken before the guardian's death, and the suit aforesaid of this complainant in the state court was tried upon the evidence submitted herein in his sister's suit. The sister's suit may be found reported at 182 Fed. 540, 105 C. C. A. 78; 199 Fed. 689, 118 C. C. A. 127. Judgment went for defendant, and, establishing the validity of the purchase involved, complainant appealed to the Supreme Court of the state, and the judgment was affirmed. See 45 Mont. 535, 125 Pac. 987. Thereupon

complainant moved for a rehearing, in part upon the ground that at least he was entitled to interest upon his money used by the guardian prior to the order authorizing the latter to borrow it, and that the suit should be remanded, with leave to amend the complaint as a basis for its recovery. This was resisted by defendant, and was denied by the Supreme Court, apparently on November 14, 1912. March 14, 1913, complainant presented a claim consistent with the cause of action of the instant suit to defendant executrix, and May 17, 1913, commenced this suit based upon said claim.

[1, 2] From complainant's majority until the guardian's death the latter was within Montana but six months, and thereafter until this suit commenced defendant was within Montana but 15 months. At all the times aforesaid the guardian, ward, and defendant were citizens of Montana, and defendant now is a citizen of Montana, save that complainant when this suit was commenced was a citizen of California. It would seem that the complainant is entitled to the relief prayed for. In so far as the answer depends on the ground that the bill in part is insufficient to constitute a cause of action in equity, it is aimed at mere matter of inducement, which may be ignored and the bill be yet sufficient. The facts clearly show the guardian violated his duty to the ward. He had neither legal nor moral right to use the ward's money to pay his, the guardian's, debts, but, having done so, it was his legal duty to disclose it in his accounts and charge himself with the profits he thereby made, or legal interest, at the court's election. His failure therein was constructive, if not actual, fraud. In the matter of the court's order authorizing the guardian to borrow the ward's money at less than a moiety of the legal rate of interest, there is no evidence of the circumstances of its procurement other than its own recitals. These compel the inference that the guardian not only concealed from the court that 18 months before he had used the ward's money, but also that he misrepresented to the court, expressly or by implication, that he then had in his possession the ward's money intact. Here again was fraud, constructive or actual, however lacking the guardian, a fiduciary, may have been of evil motive or intent.

[3, 4] The order so procured by fraud and imposition upon the court, was voidable, and when challenged, as here, affords no protection to the guardian. As though never made, the guardian is liable to the ward even as in the matter of the use of the money prior to the order. The relation of a guardian to his ward and to the court is fiduciary. In him is reposed trust and confidence. He is a trustee, and held to the strict accountability attaching to a trustee. The court has statutory power to authorize a trustee, and so a guardian, to enter into a transaction involving the trust, and in which he has an interest adverse to the beneficiary, but only when the trustee discloses to the court full knowledge of his motives and of all other facts which might affect the court's decision. Section 5376, R. S. Montana.

[5] This disclosure was absent here. Had it been made, it is inconceivable that the order also would have been made. It is the contention of the defense, however, that the order and the decrees of settlement of the guardian's accounts and his discharge are conclusive and

forbid any relief herein to complainant. It is true that decrees of a state court in probate, though in their nature ex parte, there being in fact no adversary proceedings, are generally conclusive, but, like all other decrees, judgments, and proceedings, they may be attacked and set aside, or rendered inoperative, when procured by fraud. The party thereto against whom they operate is not estopped from obtaining in a court of equity relief from them. It may be such relief could be procured in the court of their origin, by complainant in the instant suit in the state court of the decrees involved, but that is no reason why another court, this court in the instant suit by virtue of its equity jurisdiction and attaching by reason of diverse citizenship of the parties, may not and is not bound to give relief according to the recognized rules of equity.

[6] Herein this court does not sit in review of the state court, nor inquire into mere irregularities and errors, nor assume to set aside the decrees involved, but since said decrees were procured by fraud, it will deprive defendant of the benefit of them and of inequitable advantage derived under them. See Arrowsmith v. Gleason, 129 U. S. 86, 9 Sup. Ct. 237, 32 L. Ed. 630; Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870.

This is equally true of the order and the guardian's discharge.

[7] The plea of res judicata is not well founded. The former suit had no double aspect, and was based solely on rescission of a sale and to recover the specific property and accrued profits. It terminated by a judgment establishing the validity of the sale and denying the right to rescind. The instant suit is based on misappropriation by the guardian of money received from said sale, and to recover interest as damages because thereof. Surely this suffices to demonstrate res judicata does not apply. True, the petition for rehearing in the former suit sought to secure leave to change the cause of action therein to that herein, to reverse the theory of the former suit, but it was resisted by defendant and denied by the court. The cause of action herein was not in issue, nor determined nor open to determination in the former suit.

[8, 9] In the matter of limitations, defendant's principal contention is that complainant's claim was not timely presented to the deceased guardian's executrix. The statute involved provides, amongst other things, that in the administration of estates "all claims arising upon contracts" must be presented within a limited time, that "any claim not so presented is barred forever," and that "no holder of any claim" shall maintain an action thereon unless it is first presented. Complainant's claim was presented prior to suit, but not within a limited time. The statute distinguishes between claims arising upon contracts, that is, originating in contracts, and all other claims. Now, a claim against a guardian like that at bar does not arise upon contract. The relations between a guardian and ward are not contractual, but are fiduciary and created by law. The guardian's duty and obligation to deal justly with the ward are not of agreement, but are imposed by law. And his breach thereof by fraud, as here, sounds in tort, and while the action may take the form of a suit in equity for an account-

'ing, the gist of it is the guardian's fraudulent breach of an obligation imposed by law—is fraud. In so far as complainant seeks interest in excess of that received upon the money used by the guardian by virtue of the court's order authorizing the guardian to borrow it, his claim does not rest upon nor arise upon the transaction in the nature of a contract so authorized by the court. The order, being voidable for the guardian's fraud, has been repudiated by complainant, and he demands his dues arising not at all from contract, but from the obligation imposed by law, viz., that the guardian pay at least legal interest upon the ward's money used by him without lawful authority. It is defendant's contention that for a deceased trustee's breach of trust like that here involved, the beneficiary has but the right of a simple contract creditor, and so his claim is one arising upon contract within the meaning of the statutes aforesaid. The position of the beneficiary is like unto that of a simple contract creditor, in that he has no lien upon the estate and no priority. But this does not transform the claim from one ex delicto to one ex contractu, going only to its rank or status in the matter of its payment from the assets of the estate. It satisfied the statute to present the claim before suit. The general statute of limitations relied upon by defendant is recognition that the gist of the suit is fraud. This statute is that the period prescribed for the commencement of an action is "within two years * * * for relief on the ground of fraud or mistake," computed from the aggrieved party's discovery of the facts constituting the fraud or mistake. Section 6458, R. S. Montana, provides that:

"If when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

Another section provides that if a person against whom a cause of action exists dies without the state, the time which elapses between his death and the expiration of one year after the issuance within the state of letters testamentary, is not a part of the time limited for the commencement of an action against his personal representative. It is defendant's contention that section 6458, supra, is an exception to the general statute of limitations, to be strictly construed, and not to include personal representatives of debtors, since they are not within its letter. If this be sound, the instant suit is barred. But it is the statute law of Montana that strict construction of statutes derogatory of the common law is abolished, and all statutes are to be liberally construed with a view to effect their objects and to promote justice. Section 6214, R. S. At common law, neither absence from the realm nor death suspended the operation of limitations. This was an evil, and tended to defeat justice, in that at such times there could be no service of process and no effective prosecution of a cause of action. The object of section 6458, supra, was to furnish a remedy. The evil to be remedied and the object to be accomplished thereby attach no less to the case of absence of a personal representative than to the case of absence of a debtor. Prosecution to effect and justice are hampered

equally in both cases. The reason for the statute is as potent in one as in the other. And though the literal reading of section 6458, supra, may support defendant's contention, it must yield to what must be assumed to have been the legislative intent, that is, to suspend limitations whenever absence from the state of the party defendant, be he debtor or personal representative, prevents effective prosecution of a cause of action. And so are the cases, Hayden v. Pierce, 144 N. Y. 512, 39 N. E. 638; Smith v. Arnold, 1 Lea (Tenn.) 378; Wilkinson v. Winne, 15 Minn. 159 (Gil. 123). And see French v. Davis, 38 Miss. 218; Cotton v. Jones, 37 Tex. 34.

[10] Under all the circumstances of this case, complainant has not been guilty of laches. As soon as his suspicions were aroused, he commenced the action in the state court. Although he mistook his right and remedy, it was not culpable negligence, as is evidenced by the fact that, though he failed, his case was tried upon the evidence taken in his sister's suit in this court, and which herein succeeded. When he failed, with reasonable promptness he commenced the case at bar. It is to recover for breach of trust obligations. The guardian is dead, but otherwise there appears no change of conditions, no loss of evidence.

The court is of the opinion that complainant is entitled to recover in the amount prayed. for, viz., $17,015.23 and legal interest from June 14, 1908, to date, and costs.

Decree accordingly.