J. C. McClure, Plaintiff in Error, v. C. T. Putnam, De-
fendant in Error.

1. STATUTE OF LIMITATIONS—*how question of tolling of statute
by absence from state determined.* Whether or not the party seek-
ing to avail of the statute acquired a fixed and permanent abode or
dwelling out of the state, which operated to avoid the running of
the Statute of Limitations, is a question of fact for the jury.

2. APPEALS AND ERRORS—*effect of failure to abstract instructions.*
The action of the court in giving or refusing instructions need not
be reviewed by the Appellate Court in the absence of such in-
structions being contained in the abstract.

Action commenced before justice of the peace. Error to the
Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH,
Judge, presiding. Heard in this court at the November term, 1907.
Affirmed. Opinion filed December 7, 1907. Rehearing denied May
20, 1908.

C. G. TAYLOR and G. W. SALMANS, for plaintiff in
error.

J. B. MANN and L. T. ALLEN, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

In a suit originally instituted January 6, 1906, before a justice of the peace, where there was a verdict and judgment against plaintiff in error for $134.40, plaintiff in error perfected his appeal to the Circuit Court of Vermilion county, where a trial by jury resulted in a verdict and judgment against him for $144.42. The suit was brought by defendant in error to recover the balance due upon an open account for lumber and coal alleged to have been sold and delivered to plaintiff in error. The first item of the account bears date July, 1896, and the last item of the account being a cash credit of $20, bears date January, 1900. There was evidence showing that plaintiff in error had admitted the correctness of the account, and it was, therefore unnecessary for defendant in error to introduce his books of account. If plaintiff in error desired seriously to contest the correctness of the account as evidenced by the books he had the means at his command to compel the production of the books.

The main defense interposed by plaintiff in error was that the cause of action was barred by the Statute of Limitations. To meet this defense defendant in error replied that after the cause of action had accrued plaintiff in error had departed from the state in 1900 and had resided out of the state until 1904, and that the time of such absence of plaintiff in error did not constitute any part of the time limited for the commencement of the action. Rev. Stat. 1905, chapter 83, sec. 18. The evidence tends to show that in 1900 plaintiff in error accompanied by his wife left the State of Illinois and went to Ann Arbor, Michigan, for the purpose of pursuing the study of law; that from that time until 1904, plaintiff in error, with his wife, continued to live at Ann Arbor in a rented house which was furnished by plaintiff in error with furniture taken by

him from his home at Hoopeston, Illinois; that he owned a house at Hoopeston which he leased, reserving a room or rooms in which he stored a portion of his furniture. There is also evidence tending to show that plaintiff in error entertained and expressed an intention to return to Hoopeston upon the completion of his studies at Ann Arbor. Whether or not plaintiff in error acquired a fixed and permanent abode or dwelling place out of the State of Illinois, at least for the time being (Pells v. Snell, 130 Ill. 379), which operated to avoid the running of the Statute of Limitations, was a question of fact for the jury, and we are not prepared to say that the verdict of the jury upon that issue was not warranted by the evidence.

Objection is urged to the action of the court in giving and refusing certain instructions, but as all of the instructions given to the jury do not appear in the abstract the objections urged are not properly presented for review. Notwithstanding the failure of plaintiff in error to abstract all of the given instructions we have examined all of the instructions tendered by both parties as they appear in the record, and such examination discloses no error which could have operated to the prejudice of plaintiff in error.

The instruction relating to the alleged partnership, between plaintiff in error and one Mitchell, offered by plaintiff in error and refused by the court, was properly refused because it omitted the necessary element that the sales were made by defendant in error upon the credit of such partnership.

The judgment of the Circuit Court is affirmed.

*Affirmed.*