## PENLEY *v.* WATERHOUSE.

The words "out of the state," and "the time of such person's absence," in the eighth section of the "act for the limitations of actions, and for avoiding vexatious law suits," approved February 15, 1843, mean such an absence as entirely suspends the power of a party to commence his action, by service on the defendant, in either of the methods provided by law.

The object of the eighth section of the statute was, that a plaintiff should not be barred of his action by the lapse of six years, if his right to his remedy was suspended by the absence of the defendant; and when that right is not suspended, there is no reason why the plaintiff should claim, that the time did not run.

Where the family of a defendant remains at the usual place of abode, and he is absent temporarily, or on business, the defendant is not out of the state, within the meaning of the exception in the eighth section of the statute of limitations of 1843.

*Appeal from the Linn District Court.*

THIS was an action brought to recover on a promissory note, dated October 8th, 1844, payable on demand, and was commenced August 14th, 1855. With other defences, the defendant plead in proper form, the statute of limitation of February 15th, 1843. To this, the plaintiff replied, that on or about 7th of May, 1850, the defendant was out of the state, and that from that time to the 25th February 1853, he remained continuously beyond the limits of the state, and that excluding such time, the cause of action did accrue within six years next before the first day of July, 1851. To this, the defendant rejoined, admitting that he was absent from the state for the time mentioned in the replication, but says such absence was temporary and upon business, and that during the whole of said temporary absence, the said defendant was a married man, and that his wife and family remained during the whole time of said absence, at the usual place of abode of this defendant, in the said county of Linn. To this, there was a demurrer, which was sustained, and this ruling is now presented for our determination.

Penley v. Waterhouse.

*W. Penn. Clarke,* for the appellant, cited the following: *Gordon* v. *Mounts,* 2 G. Greene, 243 ; *Hackett* v. *Kendall,* 23 Vermt. 276 ; *Byrne* v. *Crowningshield,* 1 Pick. 263 ;. *Sage* v. *Hawley,* 16 Conn. 106.; *Chenot* v. *Lefevre,* 3 Gilm. 637 ; *Vanlandingham* v. *Huston,* 4 Gilm. 125.

*I. M. Preston* and *Jos. B. Young,* for the appellee, cited *Ruggles* v. *Keeler,* 3 Johns. 263 ; *King, adm'r* v. *Lane,* 7 Missouri, 241 ; *Ford* v. *Babcock,* 2 Sandf. 524.

WRIGHT, C. J.—Section eight, of the "act for the limitation of actions, and for avoiding vexatious lawsuits," approved Feb. 15, 1843, is as follows.:—" That if any person or persons, against whom there is, or shall be, any cause of action, as specified in the preceding sections of this act, except real or possessory actions, *shall be out of this territory* at the time of the cause of such action accruing, or at any time during which a suit might be sustained on such cause of action, then the person or persons who shall be entitled to such action, shall be at liberty to bring the same against such person or persons after his, her, or their return to this territory ; and the time of such person's absence, shall not be accounted or taken as part of the time limited by this act."

It is clear, that if the time during which defendant was absent, is to be excluded, then his plea cannot be sustained. Whether it shall, or shall not, depends upon the construction to be given to the above section, and especially the words, " out of the territory," therein contained. What, then, is the meaning of these words, as here used ? Were we governed alone by the strict literal language used, it would perhaps be indisputable, that if the defendant was absent in person, without reference to his residence, such absence must be excluded. To follow such literal construction, however, would in many cases be improper, and defeat the clear intention of the law. The intention of the legislature, and the object of the law, are cardinal considerations in the construction of any given statute. So, also, we must

have reference to the context, and the approved usage of the language used; as also to the fact, whether the words used have acquired in the law any peculiar and appropriate meaning. Keeping these considerations in view, let us inquire, what was the object of the exception contained in this eighth section? Do the words, " out of the state," and " the time of such person's absence," mean a mere personal absence from the state; or such absence as entirely suspends the power of a party, plaintiff, to commence his action, by service on the defendant in either of the methods provided by law? We think they mean the latter. By the statute of 1843, chap. 112, § 30 (Rev. Stat. 475), service of all writs of summons could be made by reading to the defendant, if found; and if not found, by leaving a copy thereof, attested by the officer serving the same, at the defendant's dwelling-house or usual place of abode, with some person of the family, of fifteen years of age or upwards, and stating the contents to said person.

To our minds, the object of this eighth section was, that a plaintiff should not be barred of his action by the lapse of six years, if his right to his remedy was suspended by the absence of the defendant. When that right was not suspended, however, then there is no reason why he should claim that the time did not run. By the provision above referred to, his right to proceed with his action, and merge his demand into a judgment, was just as perfect and complete, where the service was made by copy left at the usual place of abode of the defendant, as if served by reading to the defendant. Where the family of the defendant remains at the usual place of abode, and he is absent temporarily, or on business, we do not think he is out of the state, within the meaning of the said exception. Had the defendant been absent with his family, or had his family been scattered, or in a condition that no service could have been legally made, then it would have been entirely different. In such case, the opportunity for service would have been entirely suspended, and reason, as well as legal rules, would dictate that the plaintiff should not be affected by such absence. Not

Penley v. Waterhouse.

so here, however. The rejoinder shows that his family remained at their usual place of abode, and that he was absent temporarily, and on business. This, by the demurrer, is admitted to be true. And, therefore, during his entire absence, the plaintiff's power to obtain the necessary service, was just as complete, for all needful purposes, as if the defendant had never left the state. This view, we think, is warranted by the context, and whole object and policy of the law. The case of *Hackett* v. *Kendall*, 23 Vermont, 275, discusses this very question, and clearly sustains the view above taken. In that case, REDFIELD, J., uses the following language: "It seems to us, that all, which it is important to determine is, whether the defendant, at that time, left any domicil in the state. If not, he must be taken to be absent from and reside out of the state, in the language of the statute. This question of domicil may possibly be viewed differently with reference to different subjects. But the consideration which must have operated upon the legislature, in so framing the statute in this case, seems to us to have been what is suggested by counsel—whether the defendant's domicil in this state was so broken up, that it would not have been competent to serve process upon him, by leaving a copy there. And for that purpose, it seems to us, there must be some place of abode, which his family, or his effects, exclusively maintain in his absence, and to which he may be expected soon, or in some convenient time, to return, so that, a copy being left there, and notice in fact proved, the plaintiff may take a valid judgment." And while in that case, it was held that the defendant had so removed and been absent with his family, as to leave no such domicil as the law contemplated, in order to give the plaintiff an opportunity for service by copy, still the doctrine announced in the above extract, does not appear to have been doubted. And while the language of their statute is, "absent from and reside out of the state," yet, we think the reasoning used by the court would apply with equal force to a case arising under our statute.

The eighth section of the statute of Connecticut of 1838, uses the words "without this state." In the construction of

this sentence, the Supreme Court of that state, uses this language: "Considering this provision as being designed to protect the rights of the plaintiff, in those cases where it was not practicable for him to enforce them, by a suit, in consequence of the absence of the defendant from the state, its justice and propriety are most obvious. But it is not necessary, nor does justice seem to require, that we should extend it, by construction, so far as to include in the computation of the time limited for bringing suits, those periods when the defendant was personally out of the state, but during which the plaintiff might, notwithstanding, have commenced a personal action against him, by the judgment in which he would be conclusively bound." *Sage and another* v. *Hawley*, 16 Conn. 106. It is proper to add, that in this construction WILLIAM, C. J., did not concur, he insisting upon a strict literal construction of the language used. The majority opinion was, however, concurred in by the other judges, four in number, and is well reasoned, and, we think, sustained by the reason and policy of the statute.

The case of *Vanlandingham* v. *Huston*, 4 Gilm. 125, was decided upon a statute precisely similar to ours. The facts of the case are not developed, and it is, therefore, not so satisfactory as an authority, as it otherwise would be. This language is used, however, which is in entire accordance with the construction given in this opinion. Says KŒRNER, J.: "Under our statute, the inability of the creditor to have personal service on his debtor, seems to be made the sole ground for arresting the statute." See also, *Abbeo* v. *Higgins*, 2 G. Greene, 535.

Without referring to other authorities, we think the above sufficient, aside from the reason of the rule, to justify us in holding the matter set up in defendant's rejoinder, as sufficient.

We are referred by appellee's counsel, to the cases of *Ruggles* v. *Keeler*, 3 Johns. 263; *Byrne* v. *Crowningshield*, 1 Pick. 263; *King's Administrator* v. *Lane*, 7 Missouri, 241; and *Ford* v. *Babcock*, 2 Sandf. Sup. Court, 524. As we

understand it, however, neither of these cases decide the question involved in this. All of them, except the one in Pickering, merely decide, in the language of the syllabus in the case of *Ruggles* v. *Keeler*, that the saving in the statute of limitations, extends to foreigners, or those who have resided altogether out of the state, as well as to citizens of the state who may be absent for a time. And therefore, that while the words, " after his, her, or their return to this territory," as used in the statutes of those states, and in our statute of 1843, would seem to indicate that the exceptions applied alone to those who had been once resident, had gone out, and then returned, yet the exception applies also to those who had been before non-resident or foreigners, and that the statute only commenced running after they came into the state. See *Pratt* v. *Thibbard*, 1 G. Greene, 9. The case cited from 1 Pick., in fact, by reference to the note, decides the same thing, and does not, as we think, decide anything more, so far as the statute of limitations is concerned. Beyond this, a doubt is suggested, whether there had been such return of the defendant, within the jurisdiction, as gave the plaintiff a reasonable opportunity to commence a suit, and thus, for that reason, prevented a suspension of the statute. But it was held not to be necessary to decide that question even, and the case was disposed of upon another ground.

The appellee further claims, that if the construction above given, answers all the purposes of the exception, so it would whenever defendant left property exposed, sufficient to satisfy the debt. But by such judgment, where property only was attached, without service, it is sufficient to say, the defendant would not be personally bound. The plaintiff might, in such case, obtain a judgment, so as to bind the property attached, but it could have no further validity. It could not be enforced against other property of the defendant, nor be evidence of a judgment recovered in any suit brought thereon, in any other tribunal, so as to justify recovery. In this lies the distinction, and we think it clear

and palpable. In the one case, the legal rights of the par-- ties in the subject matter of the suit, could be conclusively ascertained and fixed, in the other, not.

Judgment reversed.