## HEDGES v. JONES.

1. **Statute of Limitations:** SUSPENDED BY NON-RESIDENCE OF DE-
FENDANT: FACTS CONSTITUTING NON-RESIDENCE. The statute of lim-
itations does not run in favor of a defendant during such time as he is
absent from the state, under such circumstances that his creditors are
unable to commence action against him by service of notice in the
manner provided by law. (See cases cited in opinion.) In this case,
where defendant was absent from the state in the employment of the
general government, leaving no member of his family behind, and no
established business, and with no intention to return within any definite
time, *held* that he was, during such time, a non-resident within the
meaning of the statute.

*Appeal from Polk Circuit Court.*

WEDNESDAY, JUNE 4.

THIS suit is brought on a promissory note, executed by a
partnership of which defendant was a member. The note was
executed January 22, 1871, and it fell due one year after date.
The suit was instituted August 7, 1882. The only defense
pleaded by defendant is that the action is barred by the stat-
ute of limitations. The circuit court rendered judgment for
plaintiff. Defendant appeals.

*Nourse & Kauffman,* for appellant.

*R. G. Orwig,* for appellee.

REED, J.—The evidence given on the trial in the circuit
court establishes the following facts: For more than twenty
years prior to the month of October, 1876, the defendant was
a resident of this state. In 1872, he removed from Des
Moines to Indianola, where he continued to reside until Octo-
ber, 1876, when he was appointed a special agent of the general
land office of the United States, and went to the state of
Minnesota to investigate and report upon depredations on
the timber lands of the general government. He remained
in Minnesota in the discharge of these duties until April

1879, when he went, by order of the department, to Wyoming territory. He continued in the discharge of said office or agency, in Wyoming and Utah territories, until August, 1882, when he resigned and returned to this state.

Before receiving the appointment, he was engaged in business at Indianola, in partnership with the husband of his only daughter, and retained his interest in the business until about the time of his transfer to Wyoming, when the business was closed out. He is a married man, but the daughter spoken of above was the only child he had. When he went to Minnesota, he left his wife at Indianola, where she remained until the fall of 1878, when she joined him in Minnesota, and spent the winter with him, returning to Iowa in the spring of 1879. When the business at Indianola was closed out by defendant's son-in-law, he removed with his family to Wyoming, such removal being on account of the health of his wife. Soon after her return from Minnesota in the spring of 1879, defendant's wife joined their daughter in Wyoming, and remained there until the death of the daughter, when she returned to this state. Her only purpose in going to Wyoming was to be with and nurse her daughter during her sickness. She returned to Iowa from Wyoming in March, 1882, and on her return went to Clarinda, in Page county, to live; and, since his return, in August, 1882, defendant has resided with his wife at that place.

During all the time of his absence from the state he was engaged in the duties of said office or agency, and it was his purpose at all times to return to this state as soon as his employment therein should terminate. He did not retain any property or business interest in the state after the business at Indianola was closed out, in the spring of 1879; and it does not appear that it was his purpose to return to any particular place in the state.

On this state of facts, the circuit court found that defendant was a non-resident of the state during a portion of the time of his absence, and that the right of action on the note was not

barred by the statute of limitations. We think this holding is correct. From the time defendant's wife went to Wyoming, in the spring of 1879, until her return in 1882, no member of his family resided in the state. He had no place of residence in the state to which he intended to return. The time of his proposed return was indefinite. He did not retain a domicile in the state, and, upon the strictest construction of the statute, he was a non-resident of the state. He was beyond all reach of the processes of the courts of the state. Plaintiff's remedy on the note was entirely suspended for the time by his absence; and we do not believe that it was the intention of the legislature that the limitation of the statute should run in favor of a party during such time as, owing to his absence from the state, the power of his creditor to commence his action by service on him in the methods provided by law is suspended. This view is sustained by the previous holdings of this court. *Penley v. Waterhouse*, 1 Iowa, 498; *Savage v. Scott*, 45 Id., 130; and to the same effect is *Hackett v. Kendall*, 23 Vermont, 275. And in *Sleeper v. Paige*, 15 Gray, 349, and *Ware v. Gowan*, 111 Mass., 526, it is held by the supreme court of Massachusetts, on facts similar to those in the present case, that the parties were non-residents of the state, within the meaning of the statute of limitations of that state, which is identical in is provisions with our statute. The judgment of the circuit court will be

AFFIRMED.