## KEITH-O'BRIEN Co. v. SNYDER.

No. 3119. Decided December 12, 1917. (169 Pac. 954.)

1. LIMITATION OF ACTIONS—STATUTE OF LIMITATIONS—ABSENCE OF DEFENDANT. Comp. Laws 1907, section 2888, providing that if, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term limited after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action, applies though the debtor has a place of abode or residence within the state so that process might have been served notwithstanding his absence. (Page 228.)

2. CONSTITUTIONAL LAW—CONSTRUCTION OF STATUTE—JUDICIAL FUNCTION. To construe the meaning of the language of a statute is a judicial function; to add words to those used by the lawmaking body is a legislative function. (Page 233.)

3. LIMITATION OF ACTIONS—STATUTE OF LIMITATIONS—ABSENCE OF
DEBTOR. Under Comp. Laws 1907, section 2888, the statute of limi-
tations runs only while the debtor is openly in the state, and imme-
diately on his leaving it the statute again ceases to run until his
return, and in computing the time of absence all the periods of
absence must be considered and added together. (Page 233.)

Appeal from District Court of Salt Lake County, Third
District; *Hon. Geo. F. Goodwin,* Judge.

Action by the Keith O'Brien Company against W. F.
Snyder.

From a judgment for plaintiff.  Defendant appeals.

AFFIRMED.

*W. I. Snyder* for appellant.

*Chris Mathison* for respondent.

FRICK, C. J.

The plaintiff brought this action to recover judgment
upon an open account for goods, wares, and merchan-
dise sold and delivered to the defendant. The only
defense is that the action is barred by virtue of our statute
of limitations.

The court found the facts as follows:

"That on and between February 11, 1909, and September 4,
1909, at Salt Lake City, Utah, the plaintiff sold and delivered
to the defendant, W. F. Snyder, at his request, goods, wares,
and merchandise, for which said defendant promised to pay
the plaintiff the sum of $308.27.  That no part of the same
has been paid. That on or about August 15, 1909, the de-
fendant, W. F. Snyder, departed from the state of Utah, and
was absent from the state for the ensuing six years, with the
exception of the period between about September 1, 1911, and
January 10, 1912."

As a conclusion of law the court found that the action was not barred, and that the plaintiff was entitled to judgment for the amount found due, which was entered accordingly, and the defendant appeals. He insists that the court erred in holding that the action was not barred. Comp. Laws 1907, section 2876, provides that:

Actions ''on an open account for goods, wares, and merchandise * * * may be commenced at any time within four years after the last charge is made, or the last payment is received.''

Section 2888 reads:

''If when the cause of action accrues against a person he is out of the state, the action may be commenced within the term herein limited after his return to the state; and if after the cause of the action accrues he depart from the state, the time of his absence is not part of the time limited for the commencement of the action.''

This action was commenced August 1, 1916. According to the facts as found by the court we assume that the last item was purchased on September 4, 1909. The action would thus not be barred until September 4, 1913. The court found that the defendant departed from the state and was absent therefrom from about August 15, 1909, for six years, less four months and ten days, or that he was absent five years, seven months, and twenty days. If, therefore, the cause of action accrued on September 4, 1909, and the action was commenced August 1, 1916, there were six years, ten months, and twenty-seven days, or nearly seven years, between the time the cause of action accrued and the time it was commenced. If, however, we subtract the time the defendant was out of and absent from the state from the six years, ten months, and twenty-seven days, then the statute had only run one year, three months, and seven days. It is however, conceded that the defendant's family, consisting of his wife and minor children, continued to live in this state during all of the time that the defendant was out of the state and absent therefrom. It is contended that under our statute (Comp. Laws 1907, section 2948, subd. 8) an action could have been commenced against

the defendant at any time by serving process on defendant's wife at the family residence or place of abode. The question, what effect shall be given to the provisions of section 2888, supra, is therefore squarely presented.

Defendant's counsel contends that the provisions of that section apply- only to cases where neither the debtor nor his family have a place of abode or residence within the state so that process cannot be served, and that where, as in this case, process can be served at the place of abode of his family, and thus an action can be commenced at any time, the running of the statute is not arrested by reason of the defendant's absence from the state. In support of his contention counsel cites and relies on the following cases: *Penley* v. *Waterhouse*, 1 Iowa, 498; *Collester* v. *Hailey*, 6 Gray (Mass.) 517; *Dent* v. *Jones*, 50 Miss. 265; *Quarles* v. *Bickford*, 64 N. H. 425, 13 Atl. 642; *Rutland Marble Co.* v. *Bliss*, 57 Vt. 23; *Blodgett* v. *Utley*, 4 Neb. 25; *Omaha, F. L. & T. Co.* v. *Parker*, 33 Neb. 775, 51 N. W. 139, 29 Am. St. Rep. 506; *Sage* v. *Hawley*, 16 Conn. 106, 41 Am. Dec. 128; *Palmer* v. *Shaw*, 16 Cal. 93; *Whitten* v. *Wass*, 109 Mass. 40. In view that the question is presented for the first time to this court we shall briefly refer to the foregoing cases and the statutes on which they are based.

The cases cited from Iowa, Nebraska, Connecticut, and California are all based on statutes which, in legal effect, are like our section 2888, supra, which we have quoted in full. Notwithstanding the language of those statutes, however, it was held in those cases that mere absence from the state in case the debtor could be served with process within the state would not arrest the running of the statute of limitations. The cases cited from Massachusetts, Mississippi, New Hampshire, and Vermont are, however, based upon statutes that are quite different from ours. In Massachusetts the statute is arrested only in case the debtor is "absent from and resides out of the state." That is, the running of the statute is not arrested unless the debtor has lost his domicile in the state. Gen. St. Mass. 1860, ch. 155, section 9. The subsequent statutes of Massachusetts are to the same effect. The statute of Mississippi (Rev. Code Miss. 1871, section 2157), and of New Hampshire (Gen. St. c.

202, section 8, Pub. St. of N. H. 1891, c. 217, section 8), and Rev. L. Vt. 1880, section 970, are precisely the same as the statute of Massachusetts, and the decisions from these states are to the same effect as the Massachusetts decisions. After the decision in *Penley* v. *Waterhouse,* supra, the statute of Iowa was amended so as to read "the time during which a defendant is a nonresident of the state shall not be included in computing" the time, etc. Code Iowa 1873, section 2533. See *Weaver* v. *Carpenter,* 42 Iowa, 343; *Hedges* v. *Stone,* 63 Iowa, 575, 19 N. W. 675. Under all of the foregoing statutes, therefore, nonresidence of as well as absence from the state is necessary to toll the running of the statute. The Nebraska cases are based on the case of *Sage* v. *Hawley,* 16 Conn. 106, 41 Am. Dec. 128. In a subsequent case decided by the Supreme Court of Errors of Connecticut, namely, *Hatch* v. *Spofford,* 24 Conn. 432, it is squarely held that the time a debtor is out of or absent from the state must be excluded from the computation of time. In the Hatch Case, although decided twelve years after *Sage* v. *Hawley,* supra, was decided, no mention is made of the latter. The case in 16 Cal. 93, to which reference has been made, as we shall see hereafter, has not been followed by the Supreme Court of California. The only cases, therefore, that support appellant's contention, under a statute like ours, are the case in 1 Iowa and the two from Nebraska. Upon the other hand there are a large number of cases emanating from states where a statute like ours is in force in which it is held that the full time that the debtor is out of the state and absent therefrom must be excluded in computing the time, and that such is the case notwithstanding the fact that the debtor's family may have a residence or place of abode in the state, and that service of process could be made upon some member of the debtor's family at its residence or place of abode. The cases in which the decisions are to that effect are: *Fisher* v. *Phelps, Dodge & Co.,* 21 Tex. 551; *Phillips* v. *Holman,* 26 Tex. 276; *Pells* v. *Snell,* 130 Ill. 379, 23 N. E. 117; *Hoggett* v. *Emerson,* 8 Kan. 262; *Investment Co.* v. *Bergthold,* 60 Kan. 813, 58 Pac. 469; *Gibson* v. *Simmons,* 77 Kan. 461, 94 Pac. 1013; *Bauserman* v. *Blunt,* 147 U. S. 647,

13 Sup. Ct. 466, 37 L. Ed. 316; *Todman* v. *Purdy,* 5 Nev. 238; *Bonnifield* v. *Price,* 1 Wyo. 223; *Anthes* v. *Anthes,* 21 Idaho, 302, 121 Pac. 553; *Stanley* v. *Stanley,* 47 Ohio St. 225; *Kempe* v. *Bader,* 86 Tenn. 189, 6 S. W. 126; *Huss* v. *Central, etc., Co.,* 66 Ala. 472; *Parker* v. *Kelly,* 61 Wis. 552, 21 N. W. 539; *Smith* v. *Smith* (D. C.) 210 Fed. 947; *Rogers* v. *Hatch,* 44 Cal. 280; *Watt* v. *Wright,* 66 Cal. 205, 5 Pac. 91; *Foster* v. *Butler,* 164 Cal. 623, 130 Pac. 6.

Our statute is an exact transcript from the California statute, and in the case of *Rogers* v. *Hatch,* supra, the rule applicable to the facts in the case at bar is stated in the following words:

"If, when the cause of action here accrues, the person against whom the same exists resides in the state, and he afterwards departs from the state, his successive absences from the state must be aggregated together and deducted from the whole time which has elapsed since the cause of action accrued, and the balance is the time the statute of limitations has run."

The other California cases fully support the foregoing text.

The Kansas and Ohio statutes (Gen. St. Kan. 1868, ch. 80, section 21; 2 Bates, Ann. St. Oh. section 4989) are precisely like ours, except in those states the running of the statute is also arrested in case the debtor "absconds or conceals" himself as well as if he "is out of the state." In the other states from which the cases last mentioned are cited the statutes are in legal effect like ours. The only difference, if any, consists of immaterial phraseology. The rule in force in Kansas is stated in the case of *Hoggett* v. *Emerson,* supra, thus:

"The question of presence or absence from the state, and not the question of residence or non-residence, affects the running of the statute under section 21 of the Code of Civil procedure."

The other cases cited from Kansas are to the same effect.

In *Bauserman* v. *Blunt,* supra, the rule prevailing in Kansas is stated in the following language by the Supreme Court of the United States:

"The statute of limitations of Kansas, as construed by the Supreme Court of the state, does not run while the debtor is personally absent

Appeal from Third District

from the state, although he retains a usual place of residence therein, where a summons upon him might be served.''

The Ohio statute, as before stated, is the same as the Kansas statute, and in *Stanley* v. *Stanley*, supra, it is said:

''Under the provisions of section 4989, Revised Statutes, presence of the defendant in the state, for the full period of the time limited for bringing an action, either continuously or in the aggregate, is necessary to constitute a bar of the action.''

It is not necessary to further review, or quote from, the cases. It must suffice to say that the great—the overwhelming—weight of authority, under statutes like ours, is in support of the decision of the district court.

Nor can it be successfully contended that the decisions in those cases which are based upon statutes that are tolled if the debtor ''be out of the state'' are not supported by sound reason. There certainly is a very clear and substantial difference between the language ''out of the state'' and ''absent from and resides out of the state.'' Under the language first referred to mere absence from the state is sufficient, while under the language last referred to it requires both absence and nonresidence. Now one necessarily is absent from the state if he is out of the state, but he may not be a nonresident merely because he is absent from or is out of the state. It is manifest, therefore, that by using different language the Legislatures of the several states must have intended that a different effect be given to the statutes covering the same subject. To hold that there is no difference between ''being out of the state'' and being ''absent from and resides out of the state'' is doing much more than construing the meaning of language, which is a judicial function; it is adding words to those used by the lawmaking body, which is a legislative function.

Nor is the contention that the statute continued to run after the defendant left the state again on January 10, 1912, sustained by the authorities. Indeed, the authorities that hold that absence from the state tolls the statute, all agree that the statute runs only during the time the debtor is

openly in the state and immediately on his leaving it the statute against ceases to run until his return, and that in computing time all the periods of absence must be considered and added together.

In view of the foregoing but one conclusion is permissible, which is, that the judgment of the district court is right, and should be affirmed. Such is the order. Respondent to recover costs.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.