**Rallet C. LUND, Plaintiff and Appellant,**

v.

**Elton W. HALL, Defendant and Appellee.**

No. 950248.

Supreme Court of Utah.

May 2, 1997.

Jackson Howard and Leslie W. Slaugh, Provo, for plaintiff and appellant.[1]

Ray Phillips Ivie, Jeffery C. Peatross, and David N. Mortensen, Provo, for defendant and appellee.

RUSSON, Justice:

Plaintiff Rallet C. Lund appeals from a trial court order denying her motion for relief from summary judgment under rule 60(b) of the Utah Rules of Civil Procedure. In denying her motion for relief, the trial court held that Lund's complaint was filed after the statute of limitations had run on her action and further concluded that the tolling provision of section 78–12–35 of the Utah Code did not apply. We affirm.

---

1. Plaintiff's attorneys on appeal did not enter an appearance in this case until after both the trial court's order of dismissal and this court's deter-mination that plaintiff's first appeal from the summary judgment was untimely.

## BACKGROUND

On January 12, 1989, plaintiff Rallet C. Lund and defendant Elton W. Hall were allegedly involved in an automobile collision, whereby Hall hit a vehicle from behind, which in turn hit Lund's vehicle from behind causing her physical injuries. Lund and Hall are covered by the same automobile insurance company, State Farm Insurance Company ("State Farm"). Subsequently, she received two letters from State Farm, both dated October 14, 1992. One letter described her "Personal Injury Protection" benefits, and the other stated: "Your State Farm policy and Utah law allow for the payment of reasonable and necessary treatment and expenses caused by this accident."

On January 18, 1994, Lund filed a complaint against Hall for her injuries, alleging that at all times Hall was a resident of Utah. The complaint was filed more than four years after the accrual of the cause of action alleged in her complaint and after the statute of limitations for a negligence cause of action had run.[2]

On April 20, 1994, Hall moved for summary judgment, arguing that Lund's complaint should be dismissed for failure to file her claim within the applicable four-year statute of limitations. On May 20, 1994, Lund filed a memorandum in opposition to Hall's motion for summary judgment, asserting that a genuine issue of fact existed as to the running of the statute of limitations given that section 78–12–35 of the Utah Code allows for the tolling of the statute of limitation where the defendant leaves the state after the cause of action arises. Section 78–12–35 of the Utah Code provides:

> Where a cause of action accrues against a person when he is out of the state, the action may be commenced within the term as limited by this chapter after his return to the state. *If after a cause of action accrues he departs from the state, the time of his absence is not part of the time*

*limited for the commencement of the action.*

(Emphasis added.) Lund asserted:

> It is Plaintiff's belief that defendant has been out of the state of Utah during the four years prior to the filing of this action. When this action was initially filed, the statute of limitations was not pled as an affirmative defense, and was not raised by motion to dismiss. Plaintiff therefore has not had reason to investigate or conduct discovery regarding periods of time the defendant may have been out of state during the four years prior to the filing of the action. Before summary judgment is granted, plaintiff needs the opportunity to conduct discovery on this issue.

Lund further argued that the statute of limitations defense was not properly pled and therefore waived. She also argued that she had entered into settlement negotiations with Hall's insurer, State Farm, and thus Hall's asserting a statute of limitations defense was in bad faith.

On May 24, 1994, prior to requesting a decision on his motion for summary judgment, Hall, on May 24, 1994, moved to amend his answer to plead the statute of limitations defense. On June 14, 1994, the trial court granted Hall's motion to amend, and Hall amended his answer accordingly. On June 29, Hall submitted a request for a ruling on his motion for summary judgment. On September 30, 1994, the trial court granted Hall's motion for summary judgment. In its memorandum decision, the trial court stated:

> The trial court finds that summary judgment should be granted because plaintiff's cause of action must fail as a matter of law. Plaintiff's complaint alleges that an automobile accident occurred on January 12, 1989, and that she sustained physical injuries as a result of that accident. Plaintiff's Complaint was filed on January 18, 1994; therefore the statute of limitations in this matter precludes the cause of action.

On October 11, 1994, Lund filed a motion for relief from judgment pursuant to rule 60(b) of the Utah Rules of Civil Procedure. Lund

---

**2.** Lund had previously filed a complaint on January 22, 1993, approximately four years and ten days after the accident, but this complaint was dismissed for failure to serve defendant within 120 days of the filing of the complaint as required by law.

argued that she was "involved in on-going settlement negotiations" with State Farm "immediately prior to the expiration of the statute of limitations" and that State Farm had not provided her with notice of the running of the statute of limitations as required by law. Lund further asserted that section 78–12–35 of the Utah Code requires that the statute of limitations be tolled for periods during which defendant was absent or departed from the state and that it was her "belief that defendant has been out of the state of Utah during the four years prior to the filing of this action." She further stated: "Relating back to the time when the first complaint was filed on January 22, 1993, Plaintiff filed her complaint approximately ten days after the applicable statute had run." Accordingly, Lund asked the court for relief from the summary judgment to conduct discovery to determine whether defendant was in fact out of state during the four years prior to the running of the statute.

On March 30, 1995, the trial court denied Lund's motion to reconsider, concluding that section 78–12–35 did not apply. The trial court stated in its memorandum decision:

> As it appears that defendant was in the state at the time the cause of action in this matter accrued, the time of any absence from the state would not be tolled for the commencement of the action.

Lund subsequently filed her notice of appeal with this court.

On appeal, Lund argues that her motion to reconsider should have been granted on the grounds that (1) the reasonable inferences to be drawn from the State Farm letters supported her argument that defendant was estopped from raising the statute of limitations defense; and (2) the trial court's denial of her rule 60(b) motion was based on a mistaken interpretation of section 78–12–35 of the Utah Code. Accordingly, she asserts, summary judgment was inappropriate, and she

should have been allowed more time to conduct discovery.[3]

Hall responds that the trial court correctly granted summary judgment and thereby did not abuse its discretion in denying Lund's motion to reconsider. He asserts that the issue of estoppel was not properly raised below, and even if it had been, there is no evidence that Lund had entered into "third-party" negotiations with State Farm regarding a liability claim against Hall, but only two letters from State Farm to Lund regarding her own "first-party" claim for benefits under her own policy. Hall also asserts that this court has already held in *Snyder v. Clune*, 15 Utah 2d 254, 390 P.2d 915 (Utah 1964), that the tolling provision of section 78–12–35 of the Utah Code does not apply where a defendant leaves the state after a motor vehicle accident but is still amenable to service of process. Furthermore, Hall argues, there was no evidence that he was out of state, nor did Lund file an affidavit stating additional discovery was needed as required by rule 56(f) of the Utah Rules of Civil Procedure.[4]

## STANDARD OF REVIEW

We review the trial court's denial of a motion to reconsider summary judgment under rule 60(b) of the Utah Rules of Civil Procedure for abuse of discretion. *Timm v. Dewsnup*, 921 P.2d 1381, 1386 (Utah 1996). In reviewing such a motion, we accord no deference to the trial court's conclusions of law but review them for correctness.

## ANALYSIS

In appealing the trial court's denial of her motion to reconsider summary judgment, Lund first argues that Hall should be estopped from asserting a statute of limitations defense because the evidence gives rise to a

---

3. Lund also urges this court to reconsider its decision holding that her appeal from the summary judgment was untimely. However, we find Lund's argument without merit and decline to reverse our previous order on this issue.

4. Rule 56(f) of the Utah Rules of Civil Procedure states:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

reasonable inference that she had begun settlement negotiations with Hall's insurer, State Farm. Drawing all reasonable inferences in favor of Lund regarding two letters to Lund from State Farm, we cannot conclude that Lund and State Farm had entered into settlement negotiations with respect to a third-party claim Lund might have against Hall. At best, the two letters are evidence of State Farm's negotiations with Lund regarding her first-party claim for benefits against State Farm as her own insurer.

Lund cites the case of *Rice v. Granite School District*, 23 Utah 2d 22, 456 P.2d 159 (1969), as support for her argument. In *Rice*, a woman allegedly fell off the bleachers while viewing a high school football game and suffered severe injuries. The woman notified the high school of the accident and was subsequently contacted by the school's insurance company. 23 Utah 2d at 24, 456 P.2d 159. The insurance company accepted responsibility for her injuries and assured her that she would be compensated for her expenses. The insurance company reassured her of this in two additional instances. *Id.* at 24–25, 456 P.2d 159. The fourth time plaintiff contacted the insurer, she was told her claim had been denied. *Id.* at 25, 456 P.2d 159. The plaintiff then contacted an attorney, who filed an action although the statute of limitations had expired. *Id.* We stated in *Rice*:

> The question of whether negotiations for the compromise of a claim or debt will give rise to an estoppel against pleading the statute of limitations depends upon the character of the negotiations and the circumstances surrounding the parties. In the instant action, the facts, as asserted in plaintiff's affidavit, indicate that the adjuster for the insurance carrier admitted liability and promised compensation upon several occasions. Plaintiff was led to believe that the only unresolved issue was the ascertainment of her damages, which she was informed was contingent solely on her discharge by her doctor. If the facts be substantiated in plaintiff's affidavit, the trier of fact could reasonably conclude that

the conduct of the adjuster was such as to induce plaintiff to delay filing her action. *Id.* at 27–28, 456 P.2d 159 (footnote omitted).

In the instant case, both letters to Lund from State Farm are dated October 14, 1992, and are signed by the same claim representative, Frank Fullmer. Additionally, both letters make reference to the same claim number. One letter states:

> This letter is to inform you about your Personal Injury Protection (PIP) Benefits and to advise you of the time limitations of your excess benefits.

The letter went on to describe the nature of coverage and the time limits for incurring such expenses. The other letter stated in relevant part:

> Enclosed is an application for benefits to assist you in making your claims. After we receive this form, we will be able to consider payment of medical expenses you have incurred as a result of this accident.
>
> . . . .
>
> Your State Farm policy and Utah law allow for the payment of reasonable expenses caused by this accident. In order to verify the reasonableness and necessity of charges and/or treatments, we may ask for second opinions or have bills audited. Thank you in advance for your cooperation.

All that can reasonably be inferred from these letters is that State Farm was in the process of covering Lund's expenses under her own insurance policy. The first letter specifically informed Lund about her Personal Injury Protection Benefits, and the second letter provided an application to make a claim for benefits under her policy. There is no mention of a third-party claim against Hall. In fact, one letter specifically refers to the insured as "Marion Lund," presumably Lund's husband. Had this been a letter from State Farm as Hall's insurer, it presumably would have so stated. Furthermore, unlike the plaintiff in *Rice*, Lund was represented by an attorney prior to the time she received the letters from State Farm. Accordingly, there is no evidence that Lund had entered into third-party negotiations with State Farm, and thus we cannot con-

clude that Hall is estopped from raising the statute of limitations defense to Lund's action.

Lund next argues that the trial court erred in denying her motion to reconsider summary judgment by misconstruing the plain language of section 78–12–35 of the Utah Code. Section 78–12–35 states:

Where a cause of action accrues against a person when he is out of the state, the action may be commenced within the term as limited by this chapter after his return to the state. *If after a cause of action accrues he departs from the state, the time of his absence is not part of the time limited for the commencement of the action.*

(Emphasis added.) However, the trial court stated in its memorandum decision denying Lund's motion to reconsider:

As it appears that defendant was in the state at the time the cause of action in this matter accrued, the time of any absence from the state would not be tolled for the commencement of the action.

Thus it appears as though the trial court ignored the second sentence of the statute when it made its ruling.

Hall responds, however, that the trial court's denial of Lund's motion to reconsider summary judgment should be sustained for lack of evidence in the record indicating that defendant was out of state at any time during the running of the statute of limitations. Hall asserts that the tolling provision, section 78–12–35 of the Utah Code, cannot even be applied without such evidence. Further, Hall argues that Lund's failure to submit an affidavit requesting time to conduct additional discovery prior to the court's ruling on the summary judgment, pursuant to rule 56(f) of the Utah Rules of Civil Procedure, precludes her request for additional discovery in her motion to reconsider. Finally, Hall argues, even if section 78–12–35 could be applied, the statute is inapplicable in this case because defendant was not "absent" from the state under this court's decision in *Snyder v. Clune*, 15 Utah 2d 254, 390 P.2d 915 (1964).

In *Snyder*, the plaintiff had filed her action against the defendants four years and three days after an automobile collision involving nonresident drivers that occurred in Utah. To avoid the statute of limitations, the plaintiff asserted that the defendants had left the state after the accident and cited section 78–12–35 of the Utah Code for its provision that where a defendant leaves the state after the cause of action arises, "the time of his absence is not part of the time limited for the commencement of the action." 15 Utah 2d at 255, 390 P.2d 915. However, this court held that the tolling provision must be read in conjunction with the Utah nonresident motorist act, which, at the time, authorized service of process upon a nonresident by serving the Secretary of State. We stated:

The defendants thus had an agent within the state upon whom process could have been served for them, and they were thus not "absent" from the state in the sense contemplated by the statute, that is, unavailable for the service of process.... That being so, there exists no reason for tolling the running of the statute. When the reason for the rule is gone, the rule should vanish with it.

*Id.* at 256, 390 P.2d 915. The nonresident motorist act currently provides in pertinent part:

The use and operation by a nonresident or his agent, *or of a resident who has departed Utah,* of a motor vehicle on Utah highways is an appointment of the Division of Corporations and Commercial Code as the true and lawful attorney for service of legal process in any action or proceeding against him arising from the use or operation of a motor vehicle over Utah highways which use or operation results in damages or loss to person or property.

Utah Code Ann. § 41–12a–505 (emphasis added). Our decision in *Snyder* is applicable here. Even if Hall had departed from the state, he was still subject to service of process pursuant to the nonresident motor vehicle act. Thus, under our decision in *Snyder*, section 78–12–35 would not operate to toll the statute of limitations on this action.

However, Lund argues that on the basis of the plain language of section 78–12–35 and previous decisions of this court and the court of appeals, we should overrule *Snyder* and

allow her to conduct discovery as to Hall's absence in anticipation of applying the tolling provision to the filing of her cause of action.

In three previous decisions, one of which was decided after *Snyder*, this court has applied the tolling provision to toll the statute of limitations where a defendant has left the state after a cause of action against him has accrued. In *Keith–O'Brien Co. v. Snyder*, 51 Utah 227, 229–30, 169 P. 954 (1917), it was

> conceded that the defendant's family ... continued to live in this state during all of the time that the defendant was out of the state and absent thereform [sic]. It is contended that ... an action could have been commenced against the defendant at any time by serving process on defendant's wife at the family residence or place of abode.

51 Utah at 229–30, 169 P. 954. We noted that some courts at that time required both absence from the state and nonresidence to apply a tolling provision. Other states with statutes similar to Utah's, which merely requires absence from the state, applied such provisions to toll the statute of limitations even where the defendant was amenable to process. We stated:

> Indeed, the authorities that hold that absence from the state tolls the statute, all agree that the statute runs only during the time the debtor is openly in the state and immediately on his leaving it the statute against ceases to run until his return, and that in computing time all the periods of absence must be considered and added together.

*Id.* at 233–34, 169 P. 954; *see also Buell v. Duchesne Mercantile Co.*, 64 Utah 391, 394–95, 231 P. 123 (1924) (affirming trial court's application of tolling provision, despite the fact that defendant maintained residence in the state); *Gass v. Hunting*, 561 P.2d 1071, 1072 (Utah 1977) ("A suit on a judgment may be commenced during the eight-year period following the entry thereof, and an absence from the state tolls the eight-year period.").

In *Van Tassell v. Shaffer*, 742 P.2d 111 (Utah.Ct.App.1987), the Utah Court of Appeals recognized the potential disparity between these three cases and our decision

in *Snyder*. In *Van Tassell*, the trial court had applied the tolling provision during periods in which the defendant was absent from the state for business or personal reasons despite the fact that the defendant openly resided in Utah and maintained a residence in the state. After acknowledging that a majority of jurisdictions do not apply comparable tolling provisions where a defendant is out of state but still amenable to process, the court of appeals nonetheless followed this court's precedent from *Keith–O'Brien, Gass,* and *Buell* and affirmed the trial court's application of the tolling provision. The court of appeals stated:

> Because *Gass* explicitly allows the statute of limitations to be tolled during a defendant's absence, we must uphold the trial court's ruling that the statute of limitations was tolled during defendant's absences even though he was amenable to service of process under Utah R. Civ. P. 4. We must also assume that proceedings under the nonresident motorist act are the only Utah proceedings in which the applicable statute of limitations is not tolled by absence from the state until and unless the Utah Supreme Court states otherwise. We observe, however, that the majority view, which holds that defendant's absence does not toll the statute of limitations where defendant is amenable to personal jurisdiction, would be preferred by this Court as the Utah rule, as we find it to be more consistent with the purposes of statutes of limitations.

*Id.* at 113 (footnote omitted). We agree with the court of appeals' opinion in *Van Tassell* regarding the preferred interpretation of the tolling provision and hold that under section 78–12–35 the statute of limitations will not be tolled when a defendant is out of state, as long as he is still amenable to service of process in the state of Utah.

This position is consistent with the majority of states which hold that the statute of limitations will not be tolled against a defendant who leaves the state after the cause of action arose but who is still amenable to process within the state. *See, e.g., Byrne v. Ogle*, 488 P.2d 716, 717 (Alaska 1971); *Selby v. Karman*, 110 Ariz. 522, 521 P.2d 609, 611

(1974); *Lipe v. Javelin Tire Co.,* 96 Idaho 723, 536 P.2d 291, 294 (1975); *Bray v. Bayles,* 228 Kan. 481, 618 P.2d 807, 810 (1980); *see also* Kenneth J. Rampino, *Tolling of Statute of Limitations During Absence from State as Affected by Fact That Party Claiming Benefit of Limitations Remained Subject to Service During Absence or Non-residence,* 55 A.L.R.3d 1158, 1163–64 (1974).

The reasoning of the majority of jurisdictions is exemplified by the Alaska Supreme Court's decision in *Byrne v. Ogle.* In that case, the court interpreted its state's tolling provision against a claim that the statute did not apply where the defendant was subject to substituted process under Alaska's nonresident motorist statute. The court recognized that the tolling provision, read alone, might be read "as indicating that where a defendant departs from the state after a cause of action accrues, the time he is absent should not be considered as part of the period of limitation. However, in order to give a statute its true meaning, it must be examined in conjunction with other statutes bearing on the problem being considered." 488 P.2d at 717. The court went on to state:

> It is generally recognized that the purpose of statutes of limitations is to encourage promptness in the prosecution of actions and thus avoid the injustice which may result from the prosecution of stale claims. Statutes of limitations attempt to protect against the difficulties caused by lost evidence, faded memories and disappearing witnesses. In the attainment of those ends, substantial aid is provided by statutes establishing substituted service. By this means, the equivalent of personal service is made obtainable on absent defendants.

*Id.* at 718 (footnote omitted). The court declined to apply the tolling provision where the "defendant [was] at all times amenable to service." *Id.* The court continued:

> If a plaintiff can delay his action for a short period beyond two years, he could also wait twenty years or any other

lengthy period of time.... Such a result is in intolerable conflict with the general purposes of the statute of limitations and the substituted service procedure. The goal of those statutes is to provide speedy adjudication of claims. We cannot, absent clear evidence, attribute to the legislature an intent to subvert that goal in the face of the readily available and more reasonable interpretation we have adopted.

*Id.* at 719.

We agree. Interpreting section 78–12–35 as tolling the statute of limitations regardless of whether defendant remained amenable to service of process could lead to claims being filed many years after the cause of action arose and would be contrary to the rationale behind statutes of limitations. Furthermore, applying the tolling provision in all cases would result in extensive discovery inquiring as to each and every day that a defendant was out of the state for personal or business reasons.

In the instant case, Lund does not allege that at any time Hall was not a resident of Utah or that at any time he was for some reason not amenable to service of process. In fact, Lund's complaint alleged that "[a]t all times pertinent herein, Defendant Elton W. Hall ("Defendant") was a resident of the City of Enterprise, Washington County, State of Utah." Hall admitted this allegation.

Although the trial court erred in reasoning that section 78–12–35 did not apply because defendant was in the state when the cause of action arose, we affirm the trial court's denial of Lund's motion to reconsider on the basis that Hall was at all times amenable to service of process as a resident of Utah, and thus the tolling provision did not apply.[5] *See White v. Deseelhorst,* 879 P.2d 1371, 1376 (Utah 1994) ("[W]e may affirm the judgment on any ground, even one not relied upon by the trial court."). Accordingly, because Lund filed her complaint more than four years after the accrual of the cause of action alleged in her complaint, she failed to submit her complaint

---

5. Because we hold that section 78–12–35 of the Utah Code does not apply to toll the statute of limitations in this action, we need not address Hall's arguments that Lund's failure to request

additional evidence by means of a rule 56(f) affidavit and the lack of evidence as to Hall's absence from the state preclude application of the tolling provision in any event.

before the statute of limitations had run on her action, and the trial court was correct in so concluding.

## CONCLUSION

On the basis of the foregoing, we conclude that the trial court did not abuse its discretion in denying Lund's motion to reconsider summary judgment. We therefore affirm.

ZIMMERMAN, C.J., and TAYLOR, J., concur.

HOWE, Justice, concurring:

I concur in affirming the judgment of the trial court on the grounds that the facts do not support an estoppel, and under our decision in *Snyder v. Clune*, 15 Utah 2d 254, 390 P.2d 915 (1964), the plaintiff cannot rely upon the tolling provision of Utah Code Ann. § 78–12–35.

I do not join that part of the majority opinion that discusses the application of section 78–12–35 in cases where the nonresident motor vehicle act is not involved and impliedly overrules three previous decisions of this court, *Keith–O'Brien Co. v. Snyder*, 51 Utah 227, 169 P. 954 (1917); *Buell v. Duchesne Mercantile Co.*, 64 Utah 391, 231 P. 123 (1924); and *Gass v. Hunting*, 561 P.2d 1071 (Utah 1977). Discussion of those cases is entirely unnecessary here because none of them involved the nonresident motor vehicle act, section 41–12a–505, that was before us in *Snyder v. Clune* and is before us in the instant case. The parties have not briefed what effect should be given to the tolling statute in a context other than in an automobile accident case where the nonresident motor vehicle act is applicable. Discussion of and a decision on that subject should await such time as that question is posed to us in a later case, when the issue has been briefed by the parties.

Our decision in *Snyder v. Clune* is good law because the enactment of the nonresident motor vehicle act in 1943 effected a pro tanto repeal of the tolling provision of section 78–12–35. This is so because the act appoints the Division of Corporations and Commercial Code as an agent for the service of process upon any nonresident who is involved in an automobile accident in Utah or any resident who departs the state following an accident. This court correctly reasoned in that case that if a person departs the state but leaves an agent here upon whom process can be served, that person, for the purposes of commencing a lawsuit, has not really departed the state. However, the nonresident motor vehicle act does not apply in cases that do not involve an automobile accident. In such cases, there is no appointed agent, and different considerations may enter in. Any decision by this court regarding those situations should await a case where the issue is squarely presented and the parties have briefed it.

While it is true that a number of states have held that their tolling statutes do not apply if a defendant who has departed the state is still amenable to the service of process, courts in other states have held otherwise. One of the leading cases taking this view is *Dew v. Appleberry*, 23 Cal.3d 630, 153 Cal.Rptr. 219, 591 P.2d 509 (1979). In that case, the California Supreme Court noted that the tolling statute of that state was enacted in 1872 and had been given effect in numerous decisions of that court and of the court of appeals. The court observed that the statute was unchanged from the date of its enactment, and the legislature being "clearly aware of the statute's broad ramifications has modified the reach of the rule in appropriate circumstances" such as California's nonresident motor vehicle act. The court stated:

> These provisions evidence the Legislature's recognition that the availability of personal jurisdiction *may* remove the necessity for suspending the statute of limitations. If the Legislature intends that the tolling provision not extend the limitations period *whenever* the defendant is amenable to jurisdiction, it can easily so state.

*Id.* 153 Cal.Rptr. at 222, 591 P.2d at 512. The court then observed that the Illinois Legislature had recently amended its tolling statute so that it would not apply to any person who was amenable to service of process in that state. *Id.*

The Supreme Court of Ohio in *Seeley v. Expert, Inc.*, 26 Ohio St.2d 61, 269 N.E.2d

121 (1971), and the Supreme Court of Texas in *Vaughn v. Deitz*, 430 S.W.2d 487 (Tex. 1968), have likewise refused to hold the tolling statutes of those states inoperative when a departed defendant is amenable to the service of process in that state. These courts recognized that it was the legislature's prerogative to establish statutes of limitations and to provide for instances in which their running should be tolled. These courts further observed that while there may be valid arguments that tolling statutes are unnecessary when a defendant is amenable to the service of process, those arguments must be addressed to the legislature, not to the courts.

Our tolling statute, section 78–12–35, does not differ materially from its original enactment in Laws of Utah (1872), chapter IV, section 23. Even at that early date, under the Civil Practice Act of February 17, 1870, service of process could be made upon an absent defendant by leaving a copy of the summons "at his usual place of abode, with some suitable person of, at least, the age of fourteen years." 1876 Utah Laws 407 (title XX, ch. III, § 20). Thus, when the tolling statute was enacted in 1872, it appears that the legislature was aware that a defendant who was absent from the state could be served with process if his usual place of abode was still in the state.

In conclusion, with the expansion of means by which jurisdiction can be obtained over a defendant who has left the state, there may not be the same need for our tolling statute as previously existed. However, it appears to me that this court should not make any decision rendering our tolling statute inoperative in cases that do not involve an auto accident until the issue has been squarely presented to this court and briefed. That has not happened in this case.

DURHAM, J., concurs.

Having disqualified himself, STEWART, Associate C.J., does not participate herein; STANTON M. TAYLOR, District Judge, sat.